IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
Northern Division

STUART TURNER

    Plaintiff

v.                                           Civil No. WMN 02CV2451

KANA SOFTWARE, INC.

    Defendant

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Upon Motion by the Plaintiff and consent by the Defendants, it is this _____ day of _____, 2003,

ORDERED that the documents including but not limited to proprietary, business, trade and internal memos marked confidential which Defendant has produced in response to Plaintiff's request for discovery shall be designated as confidential information and may be used only for purposes of this litigation by Plaintiff under the terms and conditions herein. One who provides material may designate it as confidential only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information.

1. (A) Neither the provisions of this Protective Order, nor the filing of any material under seal, shall prevent the use in open court, at any hearing or at trial of this case of any material that is subject to this Protective Order or filed under seal pursuant to its pursuant to its provisions, provided that the party desiring to use the material ("the disclosing party")

gives the relevant producing person(s) advance notice at such time as the disclosing party determines that it will use, or is substantially likely to use, such material in open court. Any party or designating person desiring that hearings be held in camera, or that the trial or any portion of it be closed to the public, or that a person be excluded from a hearing or any portion of it, must make a separate motion therefor.

2. Unless and until otherwise ordered by the court or agreed to in writing by the parties, all material designated "confidential" shall be treated as confidential and shall not be disclosed except under the terms of this Protective Order.

3. All confidential information shall be controlled and maintained in a manner that precludes access by any person not entitled to access under this Protective Order and shall be disclosed only to persons described in paragraphs 6 and 7 below in connection with this litigation only.

4. Confidential material may be delivered, exhibited or disclosed to counsel representing the named parties in this case, to counsel representing any insurer or indemnitor of any defendant, and to any support staff assisting such counsel in the prosecution or defense of this litigation (collectively referred to as a party's "legal team"). Counsel who receives any confidential material shall be bound by this Protective Order and be responsible for (1) informing other members of his or her legal team of their obligations under this Protective Order and (2) assuring that access to the confidential material is limited

in accordance with this Protective Order. Confidential material may also be delivered, exhibited or disclosed, subject to paragraph (a) through (g), below, to the following persons in addition to a party's legal team:

   (a) Any expert or consultant interviewed for retention and/or retained by counsel to assist in the preparation of this case or to testify at trial or any other proceeding in this action.

   (b) Any person testifying at a deposition, hearing or trial of this action.

   (c) Any person who authored or previously received the material.

   (d) Any actual or potential witness, including former employees, officers and agents of a party, provided there is a reasonable basis to believe that the witness will give testimony regarding the confidential material.

   (e) Any court reporter employed in this litigation and acting in that capacity.

   (f) The Court.

   (g) Any person qualifying under paragraph 7, below.

   5. Notwithstanding the provisions of paragraph 4 or 7, confidential information produced pursuant to this Protective Order may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization.

6. Any party desiring to reveal confidential material to any of the persons referred to in paragraph 7(a), 7(b), or 7(d) above shall first secure from each such person, prior to disclosure of any information subject to this Protective Order, a signed certificate in the form attached as Exhibit A. Counsel for the party who disclosed the confidential information shall retain all original signed certificates obtained from any person pursuant to this paragraph.

7. Any party may request permission to disclose confidential documents or information to any persons to whom such disclosure is otherwise prohibited by this Protective Order.

(a) The request shall be made in writing to the person who designated the pertinent documents or information as "confidential." The request shall state with specificity the reason(s) why disclosure is required. The request shall also identify with reasonable specificity the confidential material to be disclosed and the person(s) to whom the disclosure will be made unless, under FRCP 26(b)(4), the requesting party may properly decline to identify the person.

(b) The party to whom the request is directed shall respond within ten (10) business days from receipt of the request, or within such other time period as may be designated by Court order or the parties' agreement. If the person to whom the request is directed refuses the request, its written response shall state the reason for the refusal. Notwithstanding the foregoing, failure to provide a timely written response shall be deemed a

4

refusal of the request.

(c) If the person to whom the request is directed fails to respond to the request, or refuses to consent to its disclosure, the requesting party may move for an order permitting the disclosure upon good cause show. It shall be the burden of the party seeking confidentiality under such circumstances to establish that the designated information is confidential within the meaning of this Protective Order; however, it shall be the requesting party's burden to demonstrate good cause as to why, not withstanding the document's or information's confidential nature, disclosure is justified. The requesting party shall not make any disclosure while a motion to allow or to bar such disclosure is pending or while any appeal or request for review or reconsideration pertaining to such a motion is pending.

(d) Any party desiring to reveal confidential material to any person pursuant to this paragraph 7 shall first secure from each such person, prior to the disclosure, a signed certificate in the form attached as Exhibit A. The applicable provisions of paragraph 6 of this Protective Order shall govern the handling of all such certificates.

8. This Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons after this litigation terminates, subject to any subsequent modifications of this Protective Order for good cause shown by this Court or any court having jurisdiction over an appeal of this action. After this action terminates, any party

may seek to modify or dissolve this Protective Order by Court order for good cause shown or by the parties' stipulation.

9.  If at any time any document or information designated as "confidential" and governed by this Protective Order is subpoenaed by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production of such information, the person to whom the subpoena is directed shall immediately give written notice thereof to any person who has designated such information as "confidential." After receipt of the notice specified under this paragraph, the person seeking to maintain the "confidential" designation shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of documents or information designation "confidential." Unless a court orders otherwise, the person to whom the subpoena is directed shall object thereto and accordingly not produce any confidential information until the person seeking to maintain confidentiality has had an opportunity to seek an appropriate order. If the person seeking to maintain confidentiality does not move for a protective order within the time allowed for production by the subpoena (or within such time as a court may direct or as may be agreed upon between the designating person and the subpoenaing party) and give written notice of such motion to the subpoenaing party and the person to whom the subpoena is directed, the person to whom the subpoena or other request is directed may commence production in response thereto. The person to whom the subpoena

is directed shall not produce any material designated as confidential while a motion for protective order brought pursuant to this paragraph is pending, or while any appeal from or request for appellate review of such motion is pending, unless ordered by a court to do so.

10. Confidential Information Filed with Court. To the extent that any materials subject to this Confidentiality Order (or any pleading, motion or memorandum referring to them) are proposed to be filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked `SEALED PURSUANT TO ORDER OF COURT DATED _____", together with a simultaneous motion pursuant to L.R. 104.03(c)(hereinafter the "Interim Sealing Motion"). The Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing party believes that the materials subject to the Confidentiality order are not properly classified as confidential, the filing party shall file the interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under ¶11 of this Confidentiality Order.

11. Challenging Designation of Confidentiality. A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

12. The procedures set forth herein shall not relieve a party of the necessity of making timely responses or objections or discovery requests. Nothing in this Protective order shall be construed to prohibit a producing person from seeking relief from any inadvertent or unintentional disclosure of confidential, privileged or work product information. However, nothing in this provision shall enlarge or diminish the legal rights of any person seeking such relief.

13. At the conclusion of this action, including any appeals, all materials designated as confidential and all copies, extracts, summaries or notes thereof shall be returned to the producing persons(s) or shall be destroyed. Counsel or other affected persons shall provide the producing person(s) written confirmation of destruction within sixty (60) days of the conclusion of the action. This provision shall not apply to file copies of pleadings and briefs maintained by the parties' counsel in their respective litigation files maintained in the ordinary course of business. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of litigation, including any appeals.

14. This Protective Order may be executed in counterparts.

Date: 1/28/03

Rebecca N. Strandberg, Esq. # 02196
4405 East West Highway
Suite 308
Bethesda, Maryland 20814
Attorney for Defendant

Date: 1/24/03

Mark London # 07747
London & Mead
1225 19th Street, N. W., #320
Washington, D. C. 20036
Attorney for Plaintiff

Date: 1/24/03

Stuart Turner - Plaintiff

IT IS SO ORDERED.

Date: 1/30/03

UNITED STATES DISTRICT JUDGE

9

LAW OFFICES
# REBECCA N. STRANDBERG AND ASSOCIATES
*A Professional Corporation*
4405 EAST WEST HIGHWAY
SUITE 308
BETHESDA, MARYLAND 20814

www.lawyers.com/rebeccanstrandberg&associates

| | | |
|---|---|---|
| REBECCA NEWMAN STRANDBERG* | (301) 656-9547 | BERNARD MARCEL RAICHE* |
| E-MAIL: rstrandberg@strandberglaw.com | FAX: (301) 656-5875 | E-MAIL: braiche@strandberglaw.com |
| *ALSO ADMITTED IN DC | | *ALSO ADMITTED IN DC |

January 29, 2003

JAN 30 2003

Clerk of the Court
United States District Court for the District of Maryland
101 W. Lombard Street
Baltimore, Maryland 21201

  Re: Turner v. Kana Software - Civil Action No.: 02-2451 (WMN)

Dear Clerk:

  Enclosed for filing is the original and one copy of the following document for the above referenced case: Defendant's Motion for Protective Order
  Also enclosed is an additional copy of the document which we ask you to date stamp and return to our office in the enclosed self-addressed, postage paid envelope.
  If you have any questions, please call me.

Sincerely,

Bernard M. Raiche

Enclosures
cc: Mark London, Esq.
  William A. Bose, Esq.