IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| STUART TURNER : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | Civil No. WMN 02CV2451 |
| : | |
| KANA SOFTWARE, INC. : | |
| : | |
| Defendant : | |
| : | |

**DEFENDANT'S MOTION IN SUPPORT OF SEALING THE DOCUMENTS
LISTED IN PLAINTIFF'S INTERIM SEALING MOTION**

Defendant Kana Software, Inc., by and through its attorney of record Rebecca N. Strandberg and Rebecca N. Strandberg & Associates, P.A., and in response to Plaintiff's Interim Sealing Motion  (hereafter Sealing Motion) states:

**A.   PLAINTIFF FILED HIS INTERIM SEALING MOTION, BUT ASKED THE COURT TO DENY IT ON THE GROUNDS THAT THE DOCUMENTS BEING PRODUCED SHOULD NOT HAVE BEEN MARKED "CONFIDENTIAL".**

Plaintiff submitted his Plaintiff's Interim Sealing Motion on March 17, 2003. That Motion notes that Plaintiff is filing three documents with the Court which Defendant marked as "confidential." Plaintiff stated that "Plaintiff's counsel does not believe that the three documents contain any confidential information, and does not believe that Kana excised good faith in designating the documents. However, under the terms of the Protective Order, Plaintiff is obligated to file this Interim Sealing Motion ..."  Since Plaintiff is filing the Sealing Motion under duress, they ask the court to deny the Sealing Motion, and to require Kana to reimburse Plaintiff for the time required to write and file it.

It is important to note that the Protective Order which governs the sealing of these

documents was fully agreed to by Plaintiff and his counsel. The wording of the Protective Order was agreed to as a result of extensive negotiations between counsel for Plaintiff and Counsel for the Defendant. Counsel for Defendant Kana Software, Inc. insisted on a Protective Order in order to protect Kana's interests, but counsel for Plaintiff Turner had, and took, every opportunity to protect Mr. Turner's interests as well.

B. **THE DOCUMENTS BEING PRODUCED CLEARLY ARE CONFIDENTIAL, AND WERE CORRECTLY CHARACTERIZED AS SUCH BY DEFENDANT KANA**

The Protective Order in this case specifies that "One who provides material may designate it as confidential only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information." Plaintiff identifies three documents, marked as confidential by Defendant Kana. Plaintiff states that "Plaintiff's counsel does not believe that the three documents contain any confidential information ... " (Sealing Motion p. 1)

1. The first of the documents which Plaintiffs submitted to the Court (labeled by Plaintiff as Exhibit 1, and Bate stamped 00339) contains a series of e-mail messages. The bottom message, from Tom Doyle, dated April 16, 2002, and with the Subject "Verizon" describes the Verizon account as "The worst I've ever seen." Defendant Kana clearly has a good faith belief that this information is confidential commercial information. Defendant Kana believes that it would damage the relationship between Kana and Verizon if a copy of this information was provided to Verizon. Therefore it was appropriate to label this document as confidential, and the document should be sealed.

2. The second document which Plaintiff submitted to the Court is the Privilege Log which Defendant Kana provided to Plaintiff Turner as part of Defendant's response to Plaintiff's request for production. (Plaintiff's Exhibit 2, Bate Stamped 00543 and 00544) The Privilege Log is a listing of e-mail messages to or from Jeff Roever, one on Kana's attorneys. The e-mail messages are exempt from discovery by the attorney-client privilege. All of the e-mail messages listed deal with Kana's dealings with Verizon. The very fact that the privileged documents exist is confidential commercial information. Therefore it is appropriate to label this document as confidential, and to file it under seal.

3. The third document (Plaintiff's Exhibit 3, Bate Stamped 00588) contains a series of e-mail messages regarding Kana's dealings with Verizon. The first message on the page is from Jerry Shinn. The message starts by stating "This deal and Sprint has more than likely cost me my career and integrity." This is clearly sensitive personal information which Defendant Kana appropriately marked as confidential. The second message on the page from Martin Orafrio expresses his frustration in dealing with Verizon. That message begins "Fucking Verizon." This is obviously confidential commercial information which Kana would prefer Verizon not see. Therefore Kana acted correctly in marking this document as confidential. Because of the nature of this information, this page should be admitted under seal.

**C. PLAINTIFF'S INTERIM SEALING MOTION SHOULD BE GRANTED, AND THE DOCUMENTS PRODUCED SHOULD BE SEALED**

As shown above, Defendant Kana has a good faith belief that the documents which it marked confidential, and which Plaintiff has provided to the Court as part of its Opposition to Defendant's Motion to Modify Scheduling Order, were properly marked as confidential based on

their nature as sensitive personal information or as confidential commercial information. Therefore Plaintiff's Interim Sealing Motion should be granted, and the documents which Plaintiff produced should be sealed.

D. **PLAINTIFF'S REQUEST TO BE REIMBURSED FOR THE COSTS OF FILING PLAINTIFF'S INTERIM SEALING MOTION SHOULD BE DENIED.**

Since, as shown above, Defendant Kana has a good faith belief that the documents which it marked confidential were properly marked based on their nature as sensitive personal information or as confidential commercial information, there is no basis for Plaintiff's request to be reimbursed for the cost of filing Plaintiff's Interim Sealing Motion. Plaintiff's request for reimbursement should be denied.

WHEREFORE Defendant Kana Software asks the Court to grant Plaintiff's Interim Sealing Motion, to seal the documents which Plaintiff provided as part of his Opposition to Defendant's Motion to Modify Scheduling Order, and to deny Plaintiff's request for reimbursement for the time which he spent preparing Plaintiff's Interim Sealing Motion.

Respectfully submitted,

_____/s/_____
Rebecca N. Strandberg
Maryland Federal Bar No. 02196
Bernard M. Raiche
Maryland Federal Bar No.013702
REBECCA N. STRANDBERG & ASSOCIATES, P.A.
4405 East West Highway, Suite 308
Bethesda, Maryland 20814
301-656-9547

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| STUART TURNER | : |
| | : |
| Plaintiff | : |
| | : |
| v. | :  Civil No. WMN 02CV2451 |
| | : |
| KANA SOFTWARE, INC. | : |
| | : |
| Defendant | : |
| | : |

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March, 2003 a copy of the foregoing Defendant's Motion in Support of Sealing the Documents Listed in Plaintiff's Interim Sealing Motion was filed and served electronically, and was mailed, first class mail, postage prepaid, to:

Mark London, Esquire
Christopher B. Mead, Esquire
London and Med
Suite 320
1225 19th Street, N.W.
Washington, D.C. 20036

Counsel for Plaintiff Stuart Turner

                                                           /s/
                                Rebecca N. Strandberg
                                Maryland Federal Bar No. 02196
                                Bernard M. Raiche
                                Maryland Federal Bar No.013702
                                REBECCA N. STRANDBERG & ASSOCIATES, P.A.
                                4405 East West Highway, Suite 308
                                Bethesda, Maryland 20814
                                301-656-9547

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
**Northern Division**

| | |
|---|---|
| STUART TURNER | : |
| Plaintiff | : |
| v. | : Civil No. WMN 02CV2451 |
| KANA SOFTWARE, INC. | : |
| Defendant | : |

## ORDER

Having considered Plaintiff's Interim Sealing Motion, Defendant's Motion in Support of Sealing the Documents Listed in Plaintiff's Interim Sealing Motion, and any other pleadings on this matter, It is this _____ day of _____ 2003:

ORDERED that Plaintiff's Interim Sealing Motion is GRANTED; and

ORDERED that Plaintiff's Opposition to Defendant's Motion to Modify Scheduling Order and its attached exhibits remain sealed; and

ORDERED that Plaintiff's request that Defendant Kana Software, Inc reimburse Plaintiff for the time and expense related to the filing of Plaintiff's Interim Sealing Motion is DENIED.

_____
United States District Judge

Motion