# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
### Northern Division

| | |
|---|---|
| STUART TURNER | : |
| Plaintiff | : |
| v. | : Civil No. WMN 02CV2451 |
| KANA SOFTWARE, INC. | : |
| Defendant | : |

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO MODIFY SCHEDULING ORDER

Defendant Kana Software, Inc., by and through its attorney of record Rebecca N. Strandberg and Rebecca N. Strandberg & Associates, P.A., responds to Plaintiff's Opposition to Defendant's Motion to Modify Scheduling Order (hereafter Opposition), and states:

**A.  DEFENDANT KANA SOFTWARE, INC. HAS MADE, AND IS CONTINUING TO MAKE, A CONCERTED EFFORT TO IDENTIFY AND PRODUCE ALL DOCUMENTS WHICH ARE RESPONSIVE TO PLAINTIFF'S REQUESTS.**

In his Opposition to Defendant's Motion to Modify Scheduling Order Plaintiff Turner reiterates the discovery process to date, strongly implying that Defendant Kana has been lax in responding to Turner's request for production. Nothing could be further from the truth. To date over 588 documents have been provided to counsel for the Plaintiff which have required over 76 hours of work to find, review, copy and prepare to turn over to Plaintiff's counsel. Defendant has attempted to work with Plaintiff's counsel to facilitate discovery without involving the court but Plaintiff has refused such offers. (See letter attached as Exhibit 1). In addition, this is the first request for an extension by either party.

1

Plaintiff Turner's request for production of documents was onerous in scope. Turner requested all documents related in any way to him or related in any way to the business dealings between Kana Software, Inc. and Verizon. Despite the onerous scope of Turner's requests, and in the interest of justice, Defendant Kana has made, and continues to make, every reasonable effort to identify and produce all of the documents in its possession which are responsive to Turner's requests. Defendant Kana's attorneys have already put more than 46 person hours into identifying and preparing documents, 588 of which have already been produced to Turner. Will Bose, Esquire, one of Kana Software, Inc.'s in-house attorneys and other Kana staff have put in an additional 30 hours on the task. (See Declaration Under Penalty of Perjury of William Bose, Exhibit 2, incorporated by reference herein. A signed copy will be sent electronically to the court once we have a document identifier. )

Defendant Kana Software, Inc. is a large corporation with 22 offices and over 325 employees. Many of the individuals involved in the transaction listed in paragraph 9 of the complaint are no longer with Kana Software, Ind. The documents which are responsive to Plaintiff Turner's request for production are not all neatly located in one place or within one computer software system within the corporation. Finding all responsive documents requires generating all possible search terms and running searches using those search terms.

Furthermore, many of the documents which could have been responsive to Turner's requests for production were stored on the laptop computer which Mr. Turner used while he was employed by Defendant Kana. This lawsuit was not filed until after that laptop had been reconfigured, and the data which was on that laptop has been difficult to located from other sources.

As discovery has proceeded and issues have been defined, new search terms have been identified and used as a basis for searching the system. This was particularly true immediately after Defendant Kana deposed Plaintiff Kana. That deposition generated new areas of inquiry, and Kana is currently searching for additional responsive answers based on those leads. Although Defendant first contacted Plaintiff on February 12, 2003 to schedule the deposition and proposed earlier dates, including as early as February 24, 2003 for the deposition. Mr. Turner was not available until March 7, 2003.   A copy of that letter is attached. During those communications, Defendant offered to extend discovery to allow for supplementation and for all parties schedules but Plaintiff refused such offer.

Defendant Kana Software, Inc. is continuing to work diligently to find all responsive documents, and that effort is continuing to date. In its Motion to Modify Scheduling Order Defendant Kana requested that the deadline for Rule 26(c)(2) supplementation be extended until March 31, 2003. Kana expects that by that deadline it can identify and produce all responsive documents.

B.  **JUSTICE REQUIRES THAT THE SCHEDULING ORDER DEADLINES WHICH FOLLOW THE RULE 26(C)(2) SUPPLEMENTATION ALSO BE EXTENDED.**

In his Opposition to Plaintiff's Motion to Modify Scheduling Order Plaintiff Turner states "Although Defendant's motion says that Kana seeks the extension to provide additional responsive documents, the motion seeks relief that goes well beyond such a purpose. Defendant

asks to extend by a month the deadlines for all discovery, for service of requests for admissions, and for filing of dispositive motions." Turner also states that there is no need to revise the discovery schedule to allow Kana to produce additional documents because Federal Rule of Civil Procedure 26(e) requires supplementation. (Opposition p. 4)  Plaintiff clearly misses the point.

The deadline for Rule 26(c)(2) supplementation set a benchmark for other deadlines, which must also be extended in relation to supplementation. By the time Defendant Kana completes the process of supplementing its response to Plaintiff's request for production, the answers to several of the items on the Status Report will have changed, and it will promote judicial efficiency for the parties to re-submit a revised Joint Status Report.

The documents produced by Kana may provide the basis for a request for an admission by either side. For that reason it is essential that the deadline for requesting admissions be after Kana has finished identifying and producing all documents which are responsive to Turner's request. Admissions can not be completed until all responsive documents have been produced, and in turn neither party can not write and file a motion for summary judgment before all responsive documents have been identified, and until all admissions have been completed. Turner's argument that Kana should simply produce the documents and that all of the deadlines should remain the same simply does not take into consideration the essential sequential nature of the pre-litigation process.

WHEREFORE the Court should grant Defendant's Motion to Modify Scheduling Order.

Respectfully submitted,

_____
Rebecca N. Strandberg
Maryland Federal Bar No. 02196
Bernard M. Raiche
Maryland Federal Bar No.013702
REBECCA N. STRANDBERG & ASSOCIATES, P.A.
4405 East West Highway, Suite 308
Bethesda, Maryland 20814
301-656-9547

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
### Northern Division

| | | |
|---|---|---|
| STUART TURNER | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil No. WMN 02CV2451 |
| | : | |
| KANA SOFTWARE, INC. | : | |
| | : | |
| Defendant | : | |
| | : | |

### CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March, 2003 a copy of the foregoing Reply to Defendant's Motion to Modify Scheduling Order was filed and served electronically, and was mailed, first class mail, postage prepaid, to:

Mark London, Esquire
Christopher B. Mead, Esquire
London and Med
Suite 320
1225 19th Street, N.W.
Washington, D.C. 20036

Counsel for Plaintiff Stuart Turner

_____/s/_____
Rebecca N. Strandberg
Maryland Federal Bar No. 02196
Bernard M. Raiche
Maryland Federal Bar No.013702
REBECCA N. STRANDBERG & ASSOCIATES, P.A.
4405 East West Highway, Suite 308
Bethesda, Maryland 20814
301-656-9547

Exhibit 1

February 12, 2003

Mark London, Esquire
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, DC 20036

Sent by U.S. Mail and by Facsimile to 202-785-4280

Re:   Turner v. Kana Software, Inc., Civil No. WMN 02CV2451

Dear Mr. Turner,

    We would like to schedule the deposition of Stuart Turner in the above captioned case. Ms. Strandberg currently has the following dates available: February 24, 25, 26, 27, 28, and March 3. I would appreciate it if you would check your schedule and Mr. Turner's schedule to see if any of those dates are convenient. As soon as I hear from you I will issue the deposition notice.

    We would also like to file a consent motion to modify the scheduling order. Because of the time expended resolving the issues regarding the protective order, both sides are left with little time to complete depositions and other discovery. I will draft a consent motion and will forward it to you for your comments.

Sincerely,


Bernard M. Raiche

cc:   Will Bose - Kana Software


U:\Clients\Kana Software\Pleadings\Reply to Opp to Defendant's Motion to Modify Scheduling Order.wpd

**Exhibit 2**
**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | | |
|---|---|---|
| STUART TURNER | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil No. WMN 02CV2451 |
| | : | |
| KANA SOFTWARE, INC. | : | |
| | : | |
| Defendant | : | |
| | : | |

## DECLARATION UNDER PENALTY OF PERJURY

1.My name is William A. Bose. I am over 18 years of age and competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2.I am an attorney, licensed in the State of California, and employed as a staff member within the in-house counsel's office at Defendant Kana Software, Inc.

3.I have been assigned the task of identifying and producing copies of the documents which are responsive to Plaintiff Stuart Turner's First Request for Production of Documents. Kana has made a good faith effort to identify the materials which are responsive to the Request. However, Kana has 325 employees 22 offices worldwide. The documents requested involved several different computer systems, including our sales reporting system, our financial reporting computer system and a search of several different email systems back-up records.

4.Responding to Plaintiff Stuart Turner's onerous requests for production has required significant effort, as is detailed below.

5.    When employees who have been assigned laptop computers leave their positions at Kana Software, the contents of their lap top hard drives are cleared and the lap-top is re-issued to a new employee. This occurred with the laptop issued to Stuart Turner when he left in April, 2002. Suit was not filed until July, 2002. Therefore it was not possible to search the laptop used by Mr. Turner for the information. This required searches of several other systems.

6.    Email account information for an exiting employee is backed-up and retained for 90 days. At which time the tape is re-used. The tape containing Mr. Turner's email account information had not been reused, as of the filing the above captioned lawsuit.

7.    Kana was able to retrieve the information from the tape. Mr. Turner's email account was restored and converted into a ".PST" file and posted to the network. The PST file can then be open using my Microsoft Outlook account as an additional folder. This explains why my name appears on the top of each email printed. .

8.    Using the "Advanced Find" tool in Microsoft Outlook, I am then able to search Mr. Turner's email account using basic search terms. In order to comply with Plaintiff Stuart Turner's First Request for Production of Documents, I ran a search which identified emails in Mr. Turner's email account that contain the word "Verizon" in the in the subject line or the body of the email. That search yielded approximately 800 documents.

9.    Any one item could contain a series of related e-mail messages.

10.   Any of the e-mail messages could contain one or more attachments.

11.   To review each email at this point for responsiveness would have been overly burdensome. Therefore, I began printing the 800 emails in small groups. Most importantly, if an

email contained an attachment it was necessary to open and print the attachment as well. I initially e-mailed copies of parts of the PST files to Kana's defense attorney's office, but learned that they were unable to download and open them. Thereafter I spent approximately 5 hours printing the first group of documents.

12. As described above, because I actually open the .PST file from my Microsoft Outlook account, and then print from my Microsoft Outlook account, my name appears on the top of each of the printed documents.

13. Since the printing process was so time consuming I prioritized the documents which needed to be printed. I printed documents regarding the negotiations related to Kana's sale of products and services to Verizon in March and April of 2002. Those were the documents which I initially printed, and those made up the bulk of Defendant Kana's initial production of email records to Plaintiff.

14. I then undertook the task of printing all of the remaining documents from the files previously held by Plaintiff which were potentially responsive to Plaintiff's requests. I have expended approximately 5 additional hours on that task to date, and estimate that another four hours will be required to finish the task.

15. I have also identified approximately 230 items which may be responsive to Plaintiff's request in Mr. Jerry Shinn's e-mail records using the same search criteria as for Plaintiff's. I plan to and print those items and their attachments as quickly as possible.

16. I estimate that by the time I have identified and printed all of the documents which are responsive to Plaintiff Turner's request, KANA will have expended 30 hours of work (8 of which was spent by KANA's IT staff restoring Plaintiff's email account) on that task.

STATE OF CALIFORNIA

COUNTY OF San Mateo

    I William A. Bose state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED ON MARCH 27, 2003

                                              _____/s/_____
                                              William A. Bose

Counsel for the defendant certifies that they have received the signed affidavit and will retain it in their possession until the conclusion of the case.

Motion to Modify Scheduling Order.wpd                            U:\Clients\Kana Software\Pleadings\Reply to Opp to Defendant's