IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STUART TURNER                          :

                                       :

v.                                     :    Civil Action WMN-02-2451

                                       :

KANA SOFTWARE, INC.                    :

                                       :

**MEMORANDUM AND ORDER**

    Before the Court is Defendant's Motion to Modify Scheduling Order, Paper No. 18, as well as a Motion to Seal, Paper No. 21.  In the motion to modify, Defendant asks that the discovery deadline be extended "so that Defendant can provide Plaintiff with additional documents which are responsive to Plaintiff's request for production of documents."  Motion at un-numbered page 3.  Defendant represents that the size and dispersed nature of Defendant's operations has made the collection of responsive documents more time consuming than allowed under the Court's current schedule.

    As Plaintiff notes, this is an unusual ground for an extension of a discovery deadline, given that Defendant is under an ongoing obligation to continue to supplement its discovery responses pursuant to Rule 26(e) regardless of whether the discovery deadline has passed.  Defendant does note in its reply, however, that the natural progression of

pre-trial events would be aided if the bulk of discovery is completed before the parties are required to draft requests for admissions and dispositive motions.  In addition, the Court notes that there have been no prior extensions requested.  Accordingly, the Court will modify the scheduling order.

As to the motion to seal, the Court will deny the relief requested.  Under the terms of the Protective Order agreed to by the parties and approved by the Court, a party may designate material as confidential "only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information."  The materials at issue in this motion that Defendant designated as "confidential," consist of copies of some interoffice e-mails and a privilege log which Defendant provided to Plaintiff as part of its response to Plaintiff's request for production.

As to the privilege log, Defendant contends that "the very fact that the privileged documents exist is confidential commercial information."  Motion at un-numbered page 3. Defendant provides no authority for this position, and the Court notes that the log reveals nothing more than dates and recipients of numerous e-mails, along with a very general

description of the subject of those e-mails.  <u>See</u> Exh. 2 to Plaintiff's Interim Sealing Motion, Privilege Log (in which e-mails are described as, <u>e.g.</u>, "Eval. Copy agreement," "Verizon Addendum Revised," "Updated addendum").  Defendant does not explain how this limited information could be considered confidential nor does the Court see why it should be.

As to the two e-mails, their content is primarily limited to the invective of Tom Doyle, Defendant's Chief Operating Officer, concerning Plaintiff.  There is nothing resembling trade secret or confidential commercial information contained in the e-mails.  Nor is this the type of sensitive personal information that courts would typically protect from disclosure.  As the burden to establish the need for confidentiality under Rule 26(c) of the Federal Rules of Civil Procedure rests on the party seeking it, and as Defendant has not met that burden, the motion to seal will be denied.[1]

---

[1] As required under the Local Rules, Plaintiff filed the documents in question with an interim sealing motion.  Thus, the documents were originally filed under seal.  The Court will delay the lifting of the interim sealing order for 7 days, should Defendant wish to further pursue this issue.

In Plaintiff's interim sealing motion, he also requested that the Court order Defendant to reimburse Plaintiff's counsel for the time spent in preparing the interim sealing motion.  The Court will not grant that relief.  While the Court concludes that Defendant's designation of these documents as confidential was erroneous, there is insufficient showing that it was made in bad faith.

Accordingly, IT IS this      day of April, 2003, by the United States District Court for the District of Maryland, ORDERED:

1.   That Defendant's Motion to Seal, Paper No. 21, is hereby DENIED, and the interim sealing order will be lifted 7 days after the date of this order;

2.   That Defendant's Motion for Extension of Deadlines, Paper No. 18, is hereby GRANTED and the following deadlines are established:

| | |
|---|---|
| Discovery Deadline; Re-submission of status report | April 7, 2003 |
| Requests for Admissions | April 14, 2003 |
| Dispositive Pretrial Motions | May 5, 2003; |

3.   That the Clerk of the Court shall mail or transmit copies of the Memorandum and Order to all counsel of record.

/s/

William M. Nickerson
Senior United States District Judge