IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| STUART TURNER : | |
|    Plaintiff : | |
|       v. : | Civil No. WMN 02CV2451 |
| KANA SOFTWARE, INC. : | |
|    Defendant : | |

**MOTION FOR EXTENSION OF TIME TO FILE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Defendant, Kana Software, Inc., and asks for an extension of the time to file a motion for summary judgment in this case, and states as grounds henceforth:

1. Pre-Trial motions are currently due May 5, 2003. Counsel for the Defendant is asking for the extension because of the office workload and to give the parties time to consider other potential ways to resolve the case without incurring additional fees.

2. All parties involved have been actively involved in trying to resolve critical issues in this case. Copies of the latest correspondence are attached as Exhibit A.

3. Defendant's counsel's associate has left which has made it more difficult for the Defendant's counsel to prepare the Motion for Summary Judgment by that date.

4. At the request of the Montgomery County Public Defender's Office, counsel for the Defendant has spent considerable time on a pro bono case. Additionally, counsel, again on a pro bono basis, is assisting Judge Charles Day with a case and was before the Court for 10 hours on April 24, 2003.

5. Defendant's counsel has a number of other matters due on May 5 including two administrative pleadings due on that date.

6. This is the first time Defendant's counsel has asked for an extension to file a Motion.

7. Plaintiff's counsel may object to the Motion. Therefore, contemporaneous with the filing of this motion, Defendant has filed a Motion to Shorten Time For Plaintiff to Respond to Defendant's Motion to Extend Time to File Motion for Summary Judgement.

8. A copy of this Defendant's Motion to Extend Time To File Defendant's Motion for Summary Judgment as well as a copy of the Motion to Shorten Time For Plaintiff to Respond to Defendant's Motion to Extend Time to File Motion for Summary Judgement were sent to the Plaintiff by facsimile at approximately 3:55 p.m. on April 29, 2003.

WHEREFORE, Defendant asks that the time for filing Defendant's Motion for Summary Judgment in this case be extended until May 21, 2003.

Respectfully submitted,

_____/s/_____
Rebecca N. Strandberg
Maryland Federal Bar No. 02196
REBECCA N. STRANDBERG & ASSOCIATES, P.A.
4405 East West Highway, Suite 308
Bethesda, Maryland 20814
301-656-9547
Strandberglaw@aol.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of April, 2003 a copy of the foregoing Defendant's Motion to Extend Time to File Defendant's Motion for Summary Judgment was sent electronically and was sent via facsimile to:

Mark London, Esquire
Christopher B. Mead, Esquire
London and Med
Suite 320
1225 19th Street, N.W.
Washington, D.C. 20036

_____/s/_____
Rebecca N. Strandberg
Maryland Federal Bar No. 02196
REBECCA N. STRANDBERG & ASSOCIATES, P.A.
4405 East West Highway, Suite 308
Bethesda, Maryland 20814
301-656-9547
Strandberglaw@aol.com

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | |
|---|---|
| STUART TURNER : | |
|     Plaintiff : | |
|         v. : | Civil No. WMN 02CV2451 |
| KANA SOFTWARE, INC. : | |
|     Defendant : | |

**ORDER**

Having this _____ day of _____, 2003, considered Defendant's Motion to Extend Time to File Defendant's Motion for Summary Judgment and any opposition thereto, it is hereby:

ORDERED that Defendant's Motion to Extend Time to File Defendant's Motion for Summary Judgment is hereby

GRANTED, and further

ORDERED that the time for Defendant to File Defendant's Motion for Summary Judgment be extended to May 21, 2003.

_____
Judge

Send copies to:

Rebecca N. Strandberg, Esquire
REBECCA N. STRANDBERG & ASSOCIATES, P.A.
4405 East West Highway, Suite 308
Bethesda, Maryland 20814
Counsel for the Defendant

Mark London, Esquire
Christopher B. Mead, Esquire
London and Med
Suite 320
1225 19th Street, N.W.
Washington, D.C. 20036
Counsel for Plaintiff Stuart Turner

EXHIBIT A

Via Telecopy to 301-656-5875<BR>
Rebecca Srrandberg, Esq.<BR>
4405 Fast West Highway<BR>
Suite 308<BR>
Belhesda,MD20814<BR>
Re:   Stuart Turner v. Kana Software, Inc., Civil Action No* 02-2451 (WMN)<BR>
U.S. District Court for the District of Maryland, Northern Division<BR>
Dear Becky:<BR>
We have reviewed your motion for sanctions. We pled Count One, for breach of<BR>
contract, and Count Two. for quantum meruit, in the alternative. Fcd.R.Civ.Pro. S(e)(2)<BR>
specifically allows a party to "set Forth two or more statements ofa claim .. . alternately or<BR>
hypothctically/' As is apparent from Count One of the Complaint, PlaintiffTumer contends that<BR>
the 2002 North American Incentive Plan, number 00073 in your production of documents in this<BR>
litigation ("the Plan"), constitutes a legally enforceable contract between the parties. However,<BR>
we pled Count Two because we did not know whether Kana would dispute the enforceability of<BR>
the Plan, because Plaintiff Turner did not sign it.<BR>
We are still unsure ofKana's position with respect to the legal enforceability of the Plan.<BR>
Kana's Answer pled amrmative defenses that would defeat enforceability of the contract,<BR>
including estoppel and statute of frauds. We sent you the following request for admission:<BR>
4.    If you deny that your 2002 North American Incentive Plan, number<BR>
00073 in your production of documents in this litigation ("the Plan"), constitutes a<BR>
legally enforceable contract between you and Plaintiff, admit that the Plan's<BR>
commission schedule, coupled with Plaintiffs base salary while he worked for<BR>
you, constituted fair market value for the services of a salesperson of Plaintiffs<BR>
experience and history of performance.<BR>
This request for admission contemplated that if-Kanu admitted that the Plan was a Ic^lly<BR>
enforceable contract, Kana would not have to answer the balance of the request. Instead ot<BR>
admitting that the Plan was an enforceable contract, Kana responded "Deny" IfKcina is willing<BR>
to stipulate that the 2002 North American Incentive Plan, number 00073 in your production of<BR>
documents in this litigation (-the Plan"), constitutes a legally enforceable contract between the<BR>
parlies, Plaintiffwill dismiss Count 'I wo. Please let us know Kana's position at your earliest<BR>
convenience.<BR>
<BR>
D                          m<BR>
3-03                       04-.24P                              London
           &                              Mead

20278S42BO

P          -

02__<BR>
LONDON 5. ME^D<BR>
ATTORNEYS AT LAW<BR>
Rebecca Strandberg, Esq.<BR>
April 23,2003<BR>
Page 2<BR>
With respect to your motion for sanctions on Count One, we believe that the claim for<BR>
breach of contract is well grounded in fact and law, and we will not withdraw it. Your Rule 11<BR>
motion does not address your client's obligation of good faith and fair dealing, a requirement<BR>
under Maryland law for every contract. Your clients President expressed remarkable personal<BR>
hostility toward Plainli ft Turner, and announced an intent to prevent PlaintifT Turner from<BR>
recovering a commission even before terminating him. Your client's proffered reasons for firing<BR>
Plaintiff Turner are pretextual. Obviously, irour claim for breach of contract is frivolous, you<BR>
should prevail on a motion for summary judgment. We suggest that you file your motion for<BR>
summary judgment pursuant to the Court's scheduling order, and await resolution of that motion<BR>
before impugning our good faith. We see no reason to delay summary judgment briefing, and<BR>
therefore will not agree to an extension of the summary judgment deadline.<BR>
Sincerely,<BR>
-.- -^ ^ ^<BR>
^---..--.x.^<BR>
Christopher B. Mead<BR>
</FONT></HTML>

Subj:

**Motions in the Turner/Kana case**

Date:

4/21/2003 8:04:30 AM Eastern Daylight Time

From:

                                                                                          Strandberglaw

To:

shark@londonandmead.com

CC:

WBose@kana.com

Dear Mark:
I am planning to do a Motion for Summary Judgment on the same issues which I addressed in my Motion for Sanctions. I have filed the Motion for Sanctions so that I can ask for attorneys fees as part of the Motion for Summary Judgment.
The Motion for Summary Judgment is due May 5 and you have until May 10 to withdraw your claim. I will have to do substantial work on the Summary Judgment Motion and file it before your 21 day deadline to withdraw your claims under Rule 11 F. R. Civ. Proc.
In an effort to keep down costs and to manage the litigation, would you be willing to agree to ask for an extension on the Motion for Summary Judgment until May 21? That would give me two weeks after your 21 day deadline to write and file the Motion for Summary Judgment.
If you are already certain that you will not withdraw any or either or your claims, the other alternative is for you to let me know by Friday by letter and I will not ask for an extension and file the Motion on May 5, 2003 as required by the present scheduling order.

Sincerely,



Rebecca N. Strandberg
Attorney at law,

rns@strandberglaw.net (email)
4405 East West Highway, Suite 308
Bethesda, Md. 20814

URL: www.lawyers.com\rebeccanstrandberg&associates

301-656-9547(voice)

301-656-5875(fax)

**REBECCA STRANDBERG & ASSOCIATES, PA**
represents, counsels and defends,
private and federal employees,
individuals, employers and businesses
-with employment/labor questions and problems,
-employee benefit issues
-business questions,
-injury cases, and
-contract matters.
We practice in the federal and state courts in Maryland and the District of Columbia.

NOTE:
This message is sent by an attorney and is intended only for the use of the
individual or entity to which it is addressed and may contain information
that is privileged, confidential, and exempt from disclosure under
applicable law. If the reader of this message is not the intended recipient
or the recipient's agent, you are hereby notified that any dissemination,
distribution, or copying of this communication is strictly prohibited. If
you have received this communication in error, please notify us immediately
by reply or by telephone (at 301-656-9547) and delete this message and any
and all of its attachments. We will accept collect calls. Thank you.

U:\Clients\Kana Software\Pleadings\Motion Extend Time to File Motion for Summary Judg

April 28, 2003

via fax and mail


Christopher B. Mead, Esquire
London and Mead
Suite 320
1225 19th Street, N.W.
Washington, D.C. 20036

      Re: Stuart Turner v. Kana Software, Inc., Civil Action No. 02-2451 (WMN)
          U.S. District Court for the District of Maryland, Northern Division


Dear Chris:

    The purpose of this letter is to respond in part to your letter of April 23, 2003 and to attempt once more to resolve this issue short of filing a motion for sanctions against you and your client with the court.

First contrary to your contention, the Maryland Court of Appeals has held that there is not an implied covenant of good faith and fair dealing in an at will employment arrangement. <u>Suburban Hospital vs. Dwiggins</u> 596 A. 2d. 1096, Md. 1991. Mr. Turner's hiring letter, which is part of his employment arrangement makes it clear that his employment is at will. We would have addressed that issue but you did not plead it. If you rely upon it in your case you would again violate Rule ll and we will seek sanctions against you.

Secondly, Rule 11 does not rely upon what my client contends, but upon what your client contends are the facts and the law. Rule 11 looks at what you and your client are representing when you sign a pleading. Your client has admitted that the contract and Kana's interpretation of the contract controls.

The stipulation you propose is different from the requested admission which you refer to in your letter of April 23, 2003. Assuming for purposes of this letter, that we can reach a stipulation similar to what you propose and the incentive plan controls, your client would not be entitled to a commission since he never obtained a "qualified booking". You cannot refute the facts (1) that the agreement signed before your client Kana was not signed by all parties (2) that Verizon could cancel at any time before it expired and (3) that Verizon did not act on that deal

Kana/Mead
April 28, 2003
Page two

but a different one signed at a date long after your client left. The position you have taken is not a commercially reasonable one and is not supported by the evidence. The document Bate-stamped 53 upon which you rely, does not support your position since it clearly states that the order is contingent and no revenue has been taken on the order.

There is substantial evidence that much work had to be done after your client left to close the deal which would mean that your client was not entitled to a commission. In fact, as we pointed out in our admissions, it was not personal hostility but concern about job performance that was expressed by Kana's officer. It is understandable not to want to reward someone when they do not perform. Mr. Turner did not perform. The very fact that several different additional agreements had to be signed over the next two months before the deal was considered closed by Kana do not support your client's contention that the deal was a qualified booking before he left Kana.

This is not a case for wrongful termination but a case for a commission and the issue is whether or not it was earned pursuant to any contractual arrangement. It is highly unlikely that the finder of fact is going to find that your client was entitled to a commission when he misrepresented the status of the order to his superiors during his employment and when substantial work had to be done on the order once he left.

With those facts in mind, I would again suggest that you withdraw your complaint with prejudice and we will then not have to file sanctions.

Sincerely,

Rebecca N. Strandberg

cc: Will Bose

U:\Clients\Kana Software\Pleadings\Motion Extend Time to File Motion for Summary Judg