IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| STUART TURNER | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil No. WMN 02CV2451 |
| | : | |
| KANA SOFTWARE, INC. | : | |
| | : | |
| Defendant | : | |
| | : | |

**DEFENDANT'S MOTION FOR SANCTIONS
AND MEMORANDUM IN SUPPORT THEREOF**

      **COMES NOW** Defendant Kana Software, Inc., by and through its counsel, Rebecca Newman Strandberg, Esquire and Strandberg & Associates, P.A., and files this Motion for Sanctions under Rule 11, Federal Rules of Civil Procedure with the court.  The Motion was originally served upon Defendant on April 29, 2003.  Count Two of the Complaint herein is not "warranted under existing" recent Maryland law.  Rule 11 (b)(2), F. R. Civ. Proc.  Further, Plaintiff, after discovery and investigation, is aware that there is "no evidentiary support" for Count One of the Complaint.  Rule 11 (b)(3), F. R. Civ. Proc.

    Defendant incorporates herein the Exhibits filed with the Defendant's Motion for Summary Judgment filed this date in the effort and refers to those Exhibit numbers in this Motion and Memorandum. Defendant does this to avoid additional filings.

    As grounds hereof, Defendant says as follows:

**I.  Statement of the Case**

On or about July 24, 2002, Plaintiff Stuart Turner ("Plaintiff" or "Turner") filed a

Complaint alleging two counts--Count One for breach of contract, and Count Two for quantum meruit/unjust enrichment. Plaintiff was terminated on April 18, 2002 for performance. In his Complaint, Plaintiff, a former employee of Defendant Kana Software, Inc. ("Kana") has asked for payment of a commission on a transaction which was not completed until after his employment was terminated. Defendant was served; and a Motion for Default for failure to answer was filed and subsequently vacated by consent. Kana filed its Answer on October 21, 2002. Discovery has been completed. Defendant has produced over 1800 documents, and has taken the deposition of the Plaintiff. Plaintiff has produced one document and elected to take no depositions.

## II. Statement of the Issues

**A.    Defendant is entitled to sanctions because Plaintiff's claim for quantum meruit/unjust enrichment (Count Two) is not "warranted under existing" law**. Rule 11 (b)(2), Fed. R. Civ. Proc.; *County Commissioners of Caroline County v. R. J. Dashiells*, 358 Md. 83, 101; 747 A.2d 600, 609 (2000).

**B.    Defendant is entitled to sanctions because it is clear that there is "no evidentiary support" and Plaintiff is not eligible for commissions under the parties' express contract (Count One).** Rule 11 (b)(3), Fed. R. Civ. Proc.

## III. Argument

**A.    Defendant Is Entitled to Sanctions Because Plaintiff's Claim for Quantum Meruit/Unjust Enrichment (Count Two) Is Not "Warranted Under Existing" Law.** Count Two of the Complaint is a claim for quantum meruit/unjust enrichment. Plaintiff had an express

employment contract which governed any compensation. Maryland law precludes suit on quasi-contract claims where there is an express contract. Plaintiff admits that an express contract governs here. Accordingly, Count Two is not "warranted under existing" law, specifically a 2000 Maryland Court of Appeals case, and violates Rule 11 (b)(2) of the Federal Rules of Civil Procedure. Therefore, Defendant is entitled to sanctions.

The Court of Appeals of Maryland explicitly ruled in *County Commissioners of Caroline County v. R. J. Dashiells*, 358 Md. 83, 101; 747 A.2d 600, 609 (2000) that quantum meruit/unjust enrichment claims cannot be brought when there is an express contract that defines the rights and remedies of the parties.[1] The Court also held that express contracts include both written and oral agreements. *Id.* 358 Md. 83, 95, 747 A.2d 600, 606. *Accord Mass Transit Admin. v. Granite Const. Co.,* 57 Md. App. 766, 779; 471 A.2d 1121, 1128 (1984).[2]

The express contract herein, which was terminable by either party at will, consists of an offer letter (Exhibit 1) and the Kana 2002 North American Incentive Plan ("Compensation Plan" or "Plan") (Exhibit 2) (collectively, the "express contract"). Mr. Turner admitted in sworn testimony during his deposition that the Compensation Plan governed commissions (Exhibit 10, Turner Dep. at 91).

---

[1] "There was an express contract between the parties that controlled this subject matter; therefore, Respondent cannot seek relief through the quasi-contractual remedy of unjust enrichment. We hold that, generally, quasi-contract claims such as quantum meruit and unjust enrichment cannot be asserted when an express contract defining the rights and remedies of the parties exists." *Id.*, 358 Md. 83, 10; 747 A.2d 600, 609 (2000).

[2] Mr. Turner's employment agreement was effectuated by his execution of an appropriate letter signed in Maryland. His subsequent services were performed out of his home office located in Maryland.

For these reasons, Plaintiff was not entitled to institute and continue his suit on the grounds of quantum meruit/unjust enrichment; and Defendant is entitled to sanctions.

### B. Defendant Is Entitled to Sanctions Because it Is Clear That There Is "No Evidentiary Support" and Plaintiff Is Not Eligible for Commissions under the Parties' Express Contract (Count One).

Count One of the Complaint is a claim for commissions covered by the Compensation Plan. As stated above, Plaintiff admitted in his deposition testimony that the Compensation Plan governs when commissions will be paid. After discovery, it is clear that Plaintiff can offer no facts that would establish this claim. Accordingly, Count One is not warranted by the evidence at hand, which provides "no evidentiary support," and violates Rule 11 (b)(3) of the Federal Rules of Civil Procedure. Therefore, Defendant is entitled to sanctions.

#### 1. Plaintiff admits that commissions were governed by a written Plan.

Again, Plaintiff admitted in his deposition that the express contract governed any commission payments. Plaintiff also admitted that the Compensation Plan controlled or governed when commissions were earned. (Exhibit 10, Turner Dep. at 145). Commissions are paid as follows.

Sales Representatives or Account Executives earn 50% of a commission by "securing" a "qualified booking". (Exhibit 10, Turner Dep. at 145) 50% of the applicable commission will be earned by securing Kana's actual receipt of payment for qualified bookings previously secured by the employee (Exhibit 2). Kana has "sole discretion" to determine what a qualified booking is

(Exhibit 2; *see* Exhibit 10, Turner Dep. at 146). Mr. Turner admitted these points in his deposition.

Moreover, the Plan to which Mr. Turner acquiesces provides that "Bookings not collected within 90 days of the original due date will be debooked and any previously paid commissions will be due back to KANA... (Exhibit 2)." Mr. Turner has admitted that this policy also applies (Exhibit 10, Turner Dep. at 35).

The Plan also provides that "Commissions will be deemed earned and payable if the collection on the original booking occurs within 30 days of an employee's last date of employment. Except for the foregoing, commissions not earned at the time employment terminates (for any reason)" cannot be thereafter earned"(Exhibit 2).

### 2. Plaintiff admits that he earned no commissions during his employment with Kana from May 14, 2001 to April 18, 2002.

During Plaintiff's employment, from May 14, 2001 until his termination on April 18, 2002, Plaintiff conceded in his deposition that he did not earn any commissions, nor did he have any sales which would qualify for commissions ( Exhibit 10, Turner Dep. at 64 ). Mr. Turner also admitted that he has been paid all of the salary that he was owed by Kana ( Exhibit 10, Turner Dep. at 92).

On or about March 31, 2002, Plaintiff made a preliminary sale (Exhibit 10, Turner Dep. at 17) to the entity most commonly referred to herein as Verizon Internet Solutions (*see* Exhibit 4, Exhibit 10, Turner Dep. at 96) ("VIS"). The sale required, however, that Verizon obtain appropriate funding by April 23, 2002 (Turner Dep. at 119). In this way, the sale was strictly contingent upon procurement of the necessary funding.

Verizon did not subsequently obtain the funding within the agreed time frame (Exhibit 10, Turner Dep. at 183-84), and requested that their right expressly conferred in Addendum \_\_\_\_ to cancel the sale be extended. As a result, the sale was not completed during Mr. Turner's employment. Thus, this transaction did not constitute a "qualified booking" under the Compensation Plan for which Mr. Turner was entitled to a commission.

Moreover, Kana would not consider this contingent sale obtained by Plaintiff to be a "qualified booking." It is patently not good business sense to credit as "qualified" a sale that may be canceled by the client because they do not have funding and pay a commission on a deal that may never occur. In fact, after Mr. Turner's termination the subject agreements were substantially changed (Exhibit 10, Turner Dep. at Exhibit 11), and the deal was struck on or about June 3, 2002, in accordance with new terms different from those existing during Plaintiff's tenure. (Exhibits 5 & 6)  No revenue was received on that agreement until August 20, 2002 (Exhibit 9, Defendant's Answers to Interrogatories, Answer 5).

For these reasons, Plaintiff was clearly not entitled to a commission on a sale initiated in March, 2002, but not effectuated during Plaintiff's employment or within 30 days after his termination, due to the failure of a contingency. Defendant is entitled to sanctions.

### IV.  Conclusion

Plaintiff's claim for quantum meruit/unjust enrichment is expressly disallowed under a Maryland Court of Appeals decision published in 2000. Further, Plaintiff agrees that his commissions were governed by an express contract, including, in relevant part, Defendant Kana's 2002 North American Incentive Plan. Since Plaintiff admits that he did not obtain any qualified bookings that were paid either during his employment or within 30 days of his

termination, under the Plan Plaintiff concedes he is not entitled to commissions. There clearly was, as a result, no breach of contract.

Plaintiff made these unwarranted claims, which Defendant has had to defend, and has continued them even after receiving Defendant's initial discovery response on February 5, 2003. Accordingly, under applicable provisions of Rule 11, Defendant is entitled to sanctions.

**WHEREFORE** Defendant prays that:

1. The Complaint herein be dismissed;

2. Plaintiff be ordered to pay reasonable attorneys fees pursuant to Rule 11 (b)(2) and (3), Federal Rules of Civil Procedure; and

2. For such other relief as this Honorable Court deems just and proper, or justice may require.

A proposed Order is enclosed.

Date: May 21, 2003                    Respectfully submitted,


_____/s/_____
Rebecca N. Strandberg, Esquire
Maryland Federal Bar No. 02196
REBECCA N. STRANDBERG & ASSOCIATES, P.A.
4405 East West Highway, Suite 308
Bethesda, Maryland  20814
301-656-9547
Strandberglaw@aol.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** this 29th day of April, 2003 that a copy of the foregoing Motion for Sanctions was mailed, first class U.S. mail, postage prepaid, and on May 21, 2003 by electronic filing to:

Mark London, Esquire
Christopher B. Mead, Esquire
London and Mead
Suite 320
1225 19th Street, N.W.
Washington, D.C.  20036
Counsel for Plaintiff Stuart Turner

                                              _____/s/_____
                                              Rebecca Newman Strandberg, Esquire

U:\Clients\Kana Software\Pleadings\motion for summary judgment\MTN.SANCTIONS.filed with court.wpd

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | |
|---|---|
| STUART TURNER : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | Civil No. WMN 02CV2451 |
| : | |
| KANA SOFTWARE, INC. : | |
| : | |
| Defendant : | |
| : | |

**ORDER**

**UPON CONSIDERATION** of Defendant's Motion for Sanctions herein, and any Opposition thereto, it is by the Court this _____ day of _____, hereby ORDERED that the said Motion be, and hereby is GRANTED, and it is further ORDERED

that the Complaint herein be, and hereby is, dismissed; and it is further ORDERED,

that Plaintiff be, and hereby is directed to pay _____ in attorneys fees;

and it is further ORDERED

_____
_____
_____.

So ordered.

_____
**JUDGE**

cc:
Rebecca N. Strandberg, Esquire

Rebecca N. Strandberg & Associates, P.A.
4405 East West Highway, Suite 308
Bethesda, Maryland  20814

Christopher B. Mead, Esquire
London and Mead
Suite 320
1225 19th Street, N.W.
Washington, D.C.  20036