IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| STUART TURNER | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil No. WMN 02CV2451 |
| | : | |
| KANA SOFTWARE, INC. | : | |
| | : | |
| Defendant | : | |
| | : | |

**DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**

Comes now Defendant Kana Software, Inc by and through its counsel, Rebecca Newman Strandberg and Strandberg & Associates, PA and files this Motion for Summary Judgment pursuant to Rule 56 , F. R. Civ. Proc. and states as grounds:

1. Defendant is entitled to judgment as a matter of law on the count alleging breach of contract as there is no genuine dispute of a material fact.  Plaintiff was an employee at will with a commission plan that did not provide for commissions to be paid on contingent deals which could be canceled by the customer. Both parties agree that Plaintiff was employed under an express contract that was terminable at will,  consisting of an offer letter (Exhibit 1) and the Kana 2002 North American Incentive Plan, (listed in the Exhibits as Exhibit 2 and referred to hereafter as Exhibit 2).   Both parties agree that any commissions or incentives are controlled by Exhibit 2.  Plaintiff is not due any incentives or commissions under the terms of that plan. Plaintiff did obtain any "qualified bookings" as defined by the Plan while he was employed at Kana.  The agreement, which Plaintiff negotiated with a  contingency allowing the customer to

1

cancel if financing is not received, is not a qualified booking and would not generate a commission until it was clear that the funding would be in place.[1]

2. Defendant is entitled to judgment as a matter of law on the count of quantum meruit/unjust enrichment. Maryland law explicitly states that quantum meruit/unjust enrichment is not applicable when there is an express contract.

**WHEREFORE** Defendant prays that:

1. Summary judgment be entered in favor of the Defendant.

2. Plaintiff be ordered to pay reasonable attorney's fees pursuant to Rule 11 (b)(2) and (3), Federal Rules of Civil Procedure; and

2. For such other relief as this Honorable Court deems just and proper, or justice may require.

A proposed Order is enclosed.

Date: May 21, 2003                     Respectfully submitted,


_____/s/_____
Rebecca N. Strandberg, Esquire
Maryland Federal Bar No. 02196
REBECCA N. STRANDBERG & ASSOCIATES, P.A.
4405 East West Highway, Suite 308
Bethesda, Maryland  20814
301-656-9547
Strandberglaw@aol.com

## **REQUEST FOR HEARING**

Defendant respectfully requests a hearing on this motion.

_____/s/_____
Rebecca N. Strandberg

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** this 21st day of May, 2003 that a copy of the foregoing Motion for Summary Judgement and Request for Hearing was served electronically on:

Mark London, Esquire
Christopher B. Mead, Esquire
London and Mead
Suite 320
1225 19th Street, N.W.
Washington, D.C.  20036
Counsel for Plaintiff Stuart Turner

_____/s/_____
Rebecca Newman Strandberg, Esquire

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | | |
|---|---|---|
| STUART TURNER | : | |
| Plaintiff | : | |
| v. | : | Civil No. WMN 02CV2451 |
| KANA SOFTWARE, INC. | : | |
| Defendant | : | |

**UPON CONSIDERATION** of Defendant's Motion for Summary Judgment herein, and any Opposition thereto, it is by the Court this _____ day of _____, hereby ORDERED that the said Motion be, and hereby is GRANTED, and it is further ORDERED

that Judgment is granted for the Defendant and the Complaint is dismissed with prejudice; and it is further ORDERED,

that Plaintiff be, and hereby is directed to pay _____ in attorneys fees; and it is further ORDERED

_____

_____

_____.

So ordered.

_____
**JUDGE**

cc:
Rebecca N. Strandberg, Esquire

Rebecca N. Strandberg & Associates, P.A.
4405 East West Highway, Suite 308
Bethesda, Maryland  20814

Christopher B. Mead, Esquire
London and Mead
Suite 320
1225 19th Street, N.W.
Washington, D.C.  20036