April 28, 2003

via fax and mail


Christopher B. Mead, Esquire
London and Mead
Suite 320
1225 19th Street, N.W.
Washington, D.C. 20036

      Re: Stuart Turner v. Kana Software, Inc., Civil Action No. 02-2451 (WMN)
         U.S. District Court for the District of Maryland, Northern Division


Dear Chris:

    The purpose of this letter is to respond in part to your letter of April 23, 2003 and to attempt once more to resolve this issue short of filing a motion for sanctions against you and your client with the court.

    First contrary to your contention, the Maryland Court of Appeals has held that there is not an implied covenant of good faith and fair dealing in an at will employment arrangement. <u>Suburban Hospital vs. Dwiggins</u> 596 A. 2d. 1096, Md. 1991. Mr. Turner's hiring letter, which is part of his employment arrangement makes it clear that his employment is at will. We would have addressed that issue but you did not plead it. If you rely upon it in your case you would again violate Rule ll and we will seek sanctions against you.

    Secondly, Rule 11 does not rely upon what my client contends, but upon what your client contends are the facts and the law. Rule 11 looks at what you and your client are representing when you sign a pleading. Your client has admitted that the contract and Kana's interpretation of the contract controls.

    The stipulation you propose is different from the requested admission which you refer to in your letter of April 23, 2003. Assuming for purposes of this letter, that we can reach a stipulation similar to what you propose and the incentive plan controls, your client would not be entitled to a commission since he never obtained a "qualified booking". You cannot refute the facts (1) that the agreement signed before your client Kana was not signed by all parties (2) that Verizon could cancel at any time before it expired and (3) that Verizon did not act on that deal

Kana/Mead
April 28, 2003
Page two

but a different one signed at a date long after your client left. The position you have taken is not a commercially reasonable one and is not supported by the evidence. The document Bate-stamped 53 upon which you rely, does not support your position since it clearly states that the order is contingent and no revenue has been taken on the order.

There is substantial evidence that much work had to be done after your client left to close the deal which would mean that your client was not entitled to a commission. In fact, as we pointed out in our admissions, it was not personal hostility but concern about job performance that was expressed by Kana's officer. It is understandable not to want to reward someone when they do not perform. Mr. Turner did not perform. The very fact that several different additional agreements had to be signed over the next two months before the deal was considered closed by Kana do not support your client's contention that the deal was a qualified booking before he left Kana.

This is not a case for wrongful termination but a case for a commission and the issue is whether or not it was earned pursuant to any contractual arrangement. It is highly unlikely that the finder of fact is going to find that your client was entitled to a commission when he misrepresented the status of the order to his superiors during his employment and when substantial work had to be done on the order once he left.

With those facts in mind, I would again suggest that you withdraw your complaint with prejudice and we will then not have to file sanctions.

    Sincerely,

    Rebecca N. Strandberg

cc: Will Bose

U:\Clients\Kana Software\Pleadings\motion for summary judgment\mead.rule.ll.letter.4..29.03.wpd