# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
Northern Division

STUART TURNER          :
                       :
        Plaintiff      :
                       :
    v.                 :   Civil No. WMN 02CV2451
                       :
KANA SOFTWARE, INC.    :
                       :
        Defendant      :
                       :

## DEFENDANT KANA SOFTWARE, INC.'S RESPONSE TO PLAINTIFF STUART TURNER'S FIRST REQUEST FOR ADMISSIONS

### REQUESTS FOR ADMISSIONS

1. Admit that your Employee Handbook, numbers 00551-00587 in your production of documents in this litigation, applied to your employees during the time period that Plaintiff Turner was employed with you.

**ANSWER: Admit that the stated reference is the present employee handbook. This document is kept online. Defendant has been unable to determine if there have been changes since Mr. Turner was terminated on April 18, 2002.**

2. Admit that your 2002 North American Incentive Plan number 00073 in your production of documents in this litigation, governed the terms on which you agreed to pay commissions to Plaintiff Turner during his employment with you in 2002, and constitutes a legally enforceable contract between you and Plaintiff.

**ANSWER: Admit.**

4. If you deny that your 2002 North American Incentive Plan, number 00073 in your production of documents in this litigation ("the Plan"), constitutes a legally enforceable contract between you and Plaintiff, admit that the Plan's commission schedule, coupled with Plaintiff's

REBECCA N. STRANDBERG
AND ASSOCIATES
A PROFESSIONAL CORPORATION
4405 EAST WEST HIGHWAY
SUITE 308
BETHESDA, MARYLAND 20814
(301) 656-9547

base salary while he worked for you, constituted fair market value for the services of a salesperson of Plaintiff's experience and history of performance.

ANSWER: Deny.

5. Admit that you included anticipated revenue from the March, 2002 Verizon Contract in revenue and/or earnings totals for your financial quarter ending March 31, 2002, and that those revenue and/or earnings totals were included in your 10-Q filed with the Securities and Exchange Commission for your financial quarter ending March 31, 2002.

ANSWER: Deny.

6. Admit that the revenues reported in your 10-Q filed with the Securities and Exchange Commission for your financial quarter ending March 31, 2002 included anticipated revenues from the order from Verizon referred to in number 00053 in your production of documents in this litigation.

ANSWER: Deny.

7. Admit that Plaintiff Turner was the salesperson responsible for procuring the $2.6 million order from Verizon referred to in number 00053 in your production of documents in this litigation.

**ANSWER: Denied as stated. Defendant admits that while Plaintiff Turner was the Account Executive responsible for the Verizon account, and was responsible for securing the contingent agreement in March 2002, other members of the sales force participated in revising and closing the deal, both before Turner's departure and after.**

8. Admit that the $2.6 million order from Verizon referred to in number 00053 in your production of documents in this litigation was the March, 2002 Verizon contract.

REBECCA N. STRANDBERG
AND ASSOCIATES
A PROFESSIONAL CORPORATION
4405 EAST WEST HIGHWAY
SUITE 308
BETHESDA, MARYLAND 20814
(301) 656-9547

2

ANSWER: Admit.

9. Admit that you did not disclose to Plaintiff Turner that you included anticipated revenue from the March, 2002 Verizon Contract in revenue and/or earnings totals for your financial quarter ending March 31 2002 until after you terminated his employment and denied his claim for a commission based on the March, 2002 Verizon contract.

ANSWER: Deny.

10. Admit that document number 00053 in your production of documents in this litigation is an authentic and genuine document created and maintained in the course of your regularly conducted business activity.

ANSWER: Admit.

11. Admit that if Plaintiff Turner was still employed with you through September 1, 2002, he would have been entitled to a commission of a minimum of six percent on the payment of $922,200 you received on 8/20/02, on the $336,000 payment you received on 8/23/02, and on the $870,000 payment you received on 9/6/02 referred to in your answers to Plaintiff's interrogatories five and six.

ANSWER: Deny. Objection, this is not a request for a fact. It is a hypothetical and speculative.

12. Admit that throughout March and April, 2002, Tom Doyle was your agent and employee, and had the authority to terminate Plaintiff Turner.

ANSWER: Admit.

13. Admit that the attached e-mails dated April 10 and April 11, 2002, between Tom Doyle and Martin Onofrio (among others), and that the e-mails between Martin Onofrio and Debi

REBECCA N. STRANDBERG
AND ASSOCIATES
PROFESSIONAL CORPORATION
4405 EAST WEST HIGHWAY
SUITE 308
BETHESDA, MARYLAND 20814
(301) 656-9547

3

May (among others) in document number 00153, are authentic, and contain statements by your agents or servants concerning a matter within the scope of their agency or employment made during the existence of their agency and employment.

**ANSWER: Admit.**

14. Admit that as of August 7, 2002, less than 50% of the salespeople working for you had qualified bookings equal to more than 80% of their annual quotas for 2002 or their then-current annual reporting period.

**ANSWER: Deny. Objection, irrelevant and immaterial. Plaintiff was terminated as of April 18, 2002. Any information regarding the stated time period is irrelevant and immaterial.**

15. Admit that as of August 7, 2002, less than 25% of the salespeople working for you had qualified bookings equal to more than 80% of their annual quotas for 2002 on their then-current annual reporting period.

**ANSWER: Deny. Objection, irrelevant and immaterial. Plaintiff was terminated in April, 2002. Any information regarding the stated time period is irrelevant and immaterial.**

16. Admit that you did not pay a commission to any salesperson on the payment of $922,200 you received on 8/20/02, on the $336,000 payment you received on 8/23/02, and on the $870,000 payment you received on 9/6/02 referred to in your answers to Plaintiff's interrogatories five and six.

**ANSWER: Denied as stated. Admit that only a manager's commission was paid and no account executive commission was paid.**

REBECCA N. STRANDBERG
AND ASSOCIATES
, PROFESSIONAL CORPORATION
4405 EAST WEST HIGHWAY
SUITE 308
BETHESDA, MARYLAND 20814
(301) 656-2547

4

17. Admit that in an e-mail, document number 00153, Martin Onofrio suggested adding a contingency to a proposed contract with Verizon to induce Verizon to sign a contract by March 31, 2002, so that you could add anticipated revenues from that contract to your earnings and/or revenue totals in financial statements for your financial quarter ending March 31, 2002.

**ANSWER: Denied as stated. Admit that document number 00153 is a genuine document prepared during the normal course of business.**

18. Admit that all of the documents produced by you in response to Plaintiff's document requests are authentic and genuine.

**ANSWER: Admit.**

19. Admit that all of the documents produced by you in response to Plaintiff's document requests were either created and maintained in the course of your regularly conducted business activity, or contain statements by your agents or servants concerning a matter within the scope of their agency or employment made during the existence of their agency and employment.

**ANSWER: Admit with the notation that the documents as produced from computer files may have notations as to the individual who provided the documents that would not necessarily have been on the documents at the time created.**

20. Admit that none of your attorneys ever had an attorney-client relationship with Verizon or any of its employees negotiating for the purchase of goods or software from you.

**ANSWER: Admit as it relates to the negotiations during the time. Deny as to discussion between attorneys since Plaintiff's departure.**

REBECCA N. STRANDBERG
AND ASSOCIATES
A PROFESSIONAL CORPORATION
4405 EAST WEST HIGHWAY
SUITE 308
BETHESDA, MARYLAND 20814
(301) 656-9547

5

21. Admit that Tom Doyle made at least one statement while Plaintiff Turner was still employed by you that Plaintiff Turner would not receive a commission on any deal with Verizon or its affiliates regardless of when the deal was completed.

**ANSWER: Deny.**

22. Admit that Tom Doyle expressed personal hostility toward Plaintiff Turner on more than one occasion while Plaintiff Turner was still employed by you.

**ANSWER: Denied as stated. Admit that Tom Doyle objected to Plaintiff's performance and his inability to deliver on what he personally committed.**

23. Admit that Tom Doyle never went on a sales call with Plaintiff Turner, and had never seen Plaintiff Turner interact with any customers.

**ANSWER: Admit.**

24. Admit that Tom Doyle never received any complaints from actual or potential customers about Plaintiff Turner's performance.

**ANSWER: Admit.**

25. Admit that Tom Doyle was the only employee of yours who initiated conversations about terminating Plaintiff Turner.

**ANSWER: Deny.**

26. Admit that Tom Doyle was concerned that the failure to eliminate contingencies in the March, 2002 Verizon contract by the end of April, 2002, would subject him to potential liability for securities fraud.

REBECCA N. STRANDBERG
AND ASSOCIATES
PROFESSIONAL CORPORATION
4405 EAST WEST HIGHWAY
SUITE 308
BETHESDA, MARYLAND 20814
(301) 656-9547

6

ANSWER: Deny.

27. Admit that the earnings reported in your 10-Q filed with the Securities and Exchange Commission for your financial quarter ending March 31, 2002 included anticipated earnings from the order from Verizon referred to in number 00053 in your production of documents in this litigation.

ANSWER: Deny.

April 14th 2003

Respectfully submitted,

_____
Rebecca N. Strandberg, Esquire
Federal District Court Bar No. 02196
Rebecca N. Strandberg & Associates, P.A.
4405 East West Highway, Suite 308
Bethesda, MD 20814
(301) 656-9547
Strandberglaw@aol.com
Attorneys for Defendant Kana Software, Inc.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY this ____ day of April, 2003 that I sent the foregoing Defendant Kana Software, Inc.'s Responses to Plaintiff Stuart Turner's First Request for Admissions and Notice of Service via facsimile and first class U.S. mail, postage prepaid, to:

Mark London, Esquire
Christopher B. Mead, Esquire
London & Mead
1225 19th Street, N.W., Suite 320
Washington, D.C. 20036

_____
Rebecca N. Strandberg, Esquire

REBECCA N. STRANDBERG
AND ASSOCIATES
PROFESSIONAL CORPORATION
4405 EAST WEST HIGHWAY
SUITE 308
BETHESDA, MARYLAND 20814
(301) 656-9547

U:\Clients\Kana Software\Discovery\Admissions.answers.will.wpd

7

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
Northern Division

STUART TURNER                     :
                                  :
        Plaintiff                 :
                                  :
    v.                            :   Civil No. WMN 02CV2451
                                  :
KANA SOFTWARE, INC.               :
                                  :
        Defendant                 :

## NOTICE OF DISCOVERY

Please take note that Defendant Kana Software, Inc. has served the following discovery response on Plaintiff Stuart Turner:

**Defendant's Response to Plaintiff's First Request for Admissions.**

Service of these discovery requests on Plaintiff Stuart Turner was made on his attorney of record Mark London, Esquire, London & Mead, Suite 320, 1225 19th Street, N.W., Washington, D.C. 20036.

Plaintiff realizes that it is responsible for retaining the original copy of this discovery document and shall make it available for inspection by the other parties.

April 14, 2003                    Respectfully submitted,

                                  /s/ Rebecca N. Strandberg
                                  Rebecca N. Strandberg, Esquire
                                  Federal District Court Bar No. 02196
                                  REBECCA N. STRANDBERG & ASSOCIATES, P.A.
                                  4405 East West Highway, Suite 308
                                  Bethesda, Maryland 20814
                                  (301) 656-9547

REBECCA N. STRANDBERG
AND ASSOCIATES
PROFESSIONAL CORPORATION
4405 EAST WEST HIGHWAY
SUITE 308
BETHESDA, MARYLAND 20814
(301) 656-9547

8