IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
Northern Division

STUART TURNER

      Plaintiff

v.                                 Civil No. WMN 02CV2451

KANA SOFTWARE, INC.

      Defendant

## AFFIDAVIT OF TOM DOYLE

    I am Tom Doyle, am over 18 years of age and competent to testify in this matter. The facts stated in this affidavit are within my personal knowledge and are true and correct.

    Jerry Shin was a Vice President and reported to me during his employment at Kana Software, Inc. When Stuart Turner was not able to perform in accurately forecasting and closing his sales, I held Jerry Shin responsible as Mr. Turner's manager. I made Mr. Shin the Account manager for the Verizon deal after Mr. Turner was terminated. See the attached emails from me to Jerry Shin dated April 16, 2002 marked 1140 and from Jerry Shin to Gary Belonzi dated May 2, 2002 and marked 1352. There was not to be a Sales representative assigned to the account. Because the Verizon contingent order was in such poor shape and because I held Mr. Shin responsible for not managing his employees appropriately, I wanted to make sure that Mr. Shin himself was ultimately responsible for closing the order.

    Mr. Shin is well aware that Kana Software, Inc. does not pay commissions on contingent bookings. Mr. Shin's employment at Kana Software, Inc. terminated on July 31, 2002. On or about July 10, 2002, I spoke with Mr. Shin regarding his termination. He was specifically told at that time that he would only receive commissions on noncontingent bookings through his termination date. We had a specific discussion regarding his bookings in general and about the Highmark order in particular, regarding contingent orders. At that same time, he requested a sales representative commission on the Verizon order, contending that he had done sufficient work on the Verizon deal after Mr. Turner left to deserve a sales representative commission. I told him he would not receive a sales representative commission for the above reasons. See the attached email from me dated July 10, 2002 and marked 1131.

    I am not aware of any Kana sales representatives who have (1) not closed large deals that were forecasted in prior quarters to close, and (2) have also not made their sales quota or any sales for three quarters and not been terminated.

Jerry Shin did not have the responsibility or any experience with determining what constitutes a qualified booking under the Kana North American Incentive Compensation Plan.

I swear and affirm under the penalties of perjury this 10th day of July, 2003, that the above information is true and correct under the penalties of perjury.

Tom Doyle

*[signature]*