IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| STUART TURNER | : | |
| Plaintiff | : | |
| v. | : | Civil No. WMN 02CV2451 |
| KANA SOFTWARE, INC. | : | |
| Defendant | : | |

**DEFENDANT'S MOTION TO STRIKE THE AFFIDAVIT OF JERRY SHIN AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendant, Kana Software, Inc. hereby moves the court to strike Paragraphs 2, 5,6,7,9,10,11, 12, and 13 contained in the Affidavit of Jerry Shin, dated June 11th and filed with Plaintiff's Opposition to Plaintiff's Motion for Summary Judgment. These portions of Mr. Shin's affidavit should be stricken because they are improper lay witness testimony under Fed. R. Evid. 701 and violate F.R.C.P. Rule 56 (e) which states the following:

> " [A]ffidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and, shall show affirmatively that the affiant is competent to testify to the matters stated therein."

Mr. Shinn's affidavit violates the second requirement of Rule 56(e) that an affidavit must provide specific factual information which must be admissible under the Federal Rules of Evidence at the time of trial. Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996). Affidavits solely setting forth ultimate facts or conclusions of law can neither support nor defeat a motion for summary judgment. Rohrbough v. Wyeth Labs Inc., 916 F.2d 970, 972 n.3 (4th Cir. 1990).

Mr. Shinn's statements offer no adequate factual foundation demonstrating a rational

link between his observations and ultimate testimonial conclusions.  United States v. Leak, 123 F.3d 787, 795 (4th Cir. 1997).

Federal Rules of Evidence Rule 701 make it clear that state of mind opinion evidence is not allowable lay witness testimony. See,  U. S.v.  Hauert  40 F 3d 197 (7th Cir. 1994) cert.denied. 115 S. Ct. 1822, 514 U. S. 1095.  U. S. v. Rea  958 F 2d 1206 (2nd Cir. 1992) (involving state of mind of defendant in tax evasion prosecution). U. S. v. Brown 938 F. 2d 1482 (1st Cir. 1991), cert denied. 112 S. Ct. 611, 501 U.  S. 992 (state of mind as to defendant upon arrest not admissible); U. S. v. Ruppel 666 F 2d 261, (5th Cir. 1982) reh denied. 671 F 2d 1378, cert. denied 102 S. Ct. 3487, 458 U. S. 1107, reh. denied 103 S. Ct. 17, 458 U. S. 1132.(admission of opinion testimony about defendant's state of mind is highly prejudicial and must be avoided).

In ¶2, for example, Mr. Shinn states "I believe that Mr. Turner is entitled to a commission on that Verizon sale." This is his belief, not a fact, and states a conclusion of law.  Beliefs are not sufficient to raise an issue of material fact in a summary judgment motion.  Affidavits must be made based upon personal knowledge, not beliefs.

In ¶5, he states that "Based on my conversations with Verizon representatives, I do not believe that Mr. Turner was at fault in any way for Verizon's decision not to close the larger deal."  This is again only Mr. Shinn's opinion and is a conclusory statement, not a factual statement as is required by Rule 56(e).

Paragraphs 6 and 7 of the affidavit do not dispute any issue of material fact and are therefore improper and should also be stricken.

Paragraph 9 should be stricken because it is not based on personal knowledge and goes to Mr. Doyle's state of mind which is inadmissible testimony.  See FRE Rule 701 and cases cited

above.

Additionally, in ¶10, Mr. Shinn states that there were other large deals that were forecasted in prior quarters and not closed as forecasted and that those sales reps were not fired. However, Mr. Shinn does not cite to the specific facts, i.e. the specific deals where this occurred and the names of the specific sales reps.  This statement is therefore also conclusory. <u>Evans</u>, supra.

Then, in ¶12, Mr. Shinn states that, "I <u>concluded</u> that Mr. Doyle's primary motivation in firing Mr. Turner was to deprive Mr. Turner of a commission on the Verizon deal, and to increase Kana's profitability by not paying a sales commission to anyone." Mr. Shinn cannot testify as to what is or was in Tom Doyle's mind. He therefore does not have the requisite personal knowledge or the specific facts to set up a dispute of fact for purposes of summary judgment.  F. R. Evid. 701 and cases cited above.

In ¶13 of his affidavit, Mr. Shinn states that Verizon and Kana concluded that Mr. Turner was primarily responsible for winning the contract with Verizon. Again, he fails to provide any specific factual foundation demonstrating a rational link between his observations and ultimate testimonial conclusions. FRE 701 and cases cited above.

WHEREFORE Plaintiff respectfully requests that the Court find that the Affidavit of Jerry Shin was improper and order that it be stricken from the record.

Respectfully submitted,

_____/s/_____

Rebecca N. Strandberg

Maryland Federal Bar No. 02196

REBECCA N. STRANDBERG & ASSOCIATES, P.A.

4405 East West Highway, Suite 308

Bethesda, Maryland 20814

301-656-9547

Strandberglaw@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of July, 2003 a copy of the foregoing Motion to Strike was served electronically on:

Mark London, Esquire
Christopher B. Mead, Esquire
London and Mead
Suite 320
1225 19th Street, N.W.
Washington, D.C. 20036

Counsel for Plaintiff Stuart Turner