IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| STUART TURNER | : |
| Plaintiff | : |
| v. | : Civil No. WMN 02CV2451 |
| KANA SOFTWARE, INC. | : |
| Defendant | : |

**DEFENDANT'S MOTION TO STRIKE THE AFFIDAVIT OF STUART TURNER AND MEMORANDUM IN SUPPORT THEREOF**

Defendant, Kana Software, Inc. hereby moves the court to strike the Declaration of Stuart Turner, dated June 11th and filed with Plaintiff's Opposition to Plaintiff's Motion for Summary Judgment. Paragraphs 5 and 7 of Mr. Turner's affidavit should be stricken because they violate the rule that a party cannot defeat summary judgment and create a genuine issue of material fact by simply using the affidavit to deny an earlier sworn statement made by the same party. Rohrbough v. Wyeth Labs. Inc., 916 F.2d 970, 975 (4th Cir. 1990) and it also violates F.R.C.P 56 which states:

> "[A]ffidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and, shall show affirmatively that the affiant is competent to testify to the matters stated therein."

Much of Mr. Turner's affidavit is in conflict with his earlier deposition testimony. For example, in ¶5, Mr. Turner states that, "Verizon underwent a significant management change at the end of they year, killing our potential deal and other similar projects." However, this contradicts his deposition testimony where he stated that the Verizon deal did not close because of Kana's internal legal problems. See Excerpts of Deposition of Stuart Turner, attached as

Exhibit A, at p. 64, lines 12-15; p.82, lines 12-13.

In ¶7, Mr. Turner states that, "With minor changes... Verizon went forward with the Kana purchase that I had sold and negotiated." This statement violates Rule 56(e) in that it is not based on personal knowledge nor does it set forth specific facts since Mr. Turner was not working at Kana at the time the deal closed and his statement that only minor changes were made to the agreement is conclusory. Rule 56(e) requires that an affidavit provide specific factual information and that conclusory statements are not sufficient to create a genuine dispute of a material fact. <u>Evans v. Technologies Applications & Serv. Co</u>, 80 F.3d 954, 962 (4th Cir. 1996). Moreover, Mr. Turner has provided no facts to support his assertion that only minor changes were made. Similarly, his assertion that he "sold and negotiated" the deal is also a conclusory statement that fails to controvert Defendant's specific factual evidence presented that clearly demonstrates that Mr. Turner did not close the Verizon deal before he was terminated.

WHEREFORE Plaintiff respectfully requests that the Court find that ¶¶5 and 7 of Stuart Turner's Declaration be stricken from the record.

Respectfully submitted,

_____/s/_____

Rebecca N. Strandberg
Maryland Federal Bar No. 02196
REBECCA N. STRANDBERG & ASSOCIATES, P.A.
4405 East West Highway, Suite 308
Bethesda, Maryland 20814
301-656-9547
Strandberglaw@aol.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of June 2003, a copy of the foregoing Motion to Strike was served electronically on:

Mark London, Esquire
Christopher B. Mead, Esquire
London and Mead
Suite 320
1225 19th Street, N.W.
Washington, D.C. 20036

Counsel for Plaintiff Stuart Turner