IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
~Northern Division~

| | |
|---|---|
| STUART TURNER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. WMN 02CV2451 |
| KANA SOFTWARE, INC., | ) |
| Defendant. | ) |

**OPPOSITION TO DEFENDANT'S MOTIONS TO STRIKE AFFIDAVITS**

Defendant Kana Software, Inc. ("Kana") has moved to strike parts of declarations[1] submitted by Plaintiff Stuart Turner and witness Jerry Shinn, on the grounds that the declarations contain inadmissible lay opinion testimony. While Kana is wrong about the admissibility of lay opinion testimony, Kana's motion should be denied because it is moot. Plaintiff Turner submitted the declarations in opposition to Kana's motion for summary judgment. At the summary judgment stage, this Court "must draw all reasonable inferences in favor of the non-moving party." *Edell & Associates v. Law Offices of Peter G. Angelos*, 264 F.3d 424, 435-36 (4th Cir. 2002)(citations omitted). Thus, the underlying facts supporting the opinions of Turner and Shinn give rise to the inference that Kana fired Plaintiff with the intent of depriving him of a commission.

That inference is sufficient to defeat summary judgment, regardless of the admissibility of the opinions themselves. Kana argues in its summary judgment motion that Maryland law refusing to imply a covenant of good faith and fair dealing to employment at-will precludes

---

[1] Defendant's motions inaccurately refer to the declarations as "affidavits."

Plaintiff from recovering here.  Kana is focusing on the wrong contract.  Plaintiff is not suing for damages based on lost salary.  He is suing for breach of a separate contract, in which Kana promised to pay him commissions.  Kana breached its covenant of good faith and fair dealing implied in the <u>commission contract</u>.

In his opposition, Plaintiff cited numerous Maryland cases citing favorably to precedent and commentary holding that even when one party to a contract has an unambiguous right to act unreasonably, it cannot act unreasonably in preventing the other party from performing or realizing the fruits of the contract. *The Electronics Store, Inc. v. Cellco Partnership*, 127 Md. App. 385, 732 A.2d 980, 989 (1999) (applying New Jersey law); *Bleich v. Florence Crittenton Services of Baltimore, Inc.*, 98 Md. App. 123, 632 A.2d 463, 472-73 (1993), *citing Wakefield v. Northern Telecom, Inc.*, 813 F.2d 535 (2d Cir. 1987).

Without discussing the merits of the reasoning of these cases, Kana dismisses them because they apply New Jersey law.  Kana claims that because Maryland does not recognize a covenant of good faith and fair dealing in employment at-will, the New Jersey rulings contradict Maryland law.  This would be news to the New Jersey courts, which also do not recognize a covenant of good faith and fair dealing for employment at-will.

> Under New Jersey law, a covenant of good faith and fair dealing does not exist in an at-will employment relationship. *See McQuitty v. General Dynamics Corp.*, 204 N.J. Super. 514, 520, 499 A.2d 526, 529 (App. Div. 1985). *See also Citizens State Bank of N.J. v. Libertelli*, 215 N.J. Super. 190, 194, 521 A.2d 867, 869 (App. Div. 1987) ("New Jersey courts have not invoked the implied covenant of good faith and fair dealing to restrict the authority of employers to fire at-will employees.") (citations omitted)."

*Nardi v. Stevens Institute of Technology*, 60 F. Supp. 2d 31, 42-43 (E.D.N.Y. 1999). *See also,*

*Varallo v. Hammond, Inc.*, 94 F.3d 842, 848 (3rd Cir. 1996), *citing McQuitty v. General*

*Dynamics Corp.*, 204 N.J. Super. 514, 499 A.2d 526, 529 (N.J. Super. Ct. App. Div. 1985).[2]

I.  **KANA'S MOTION IS MOOT BECAUSE THE FACTS UNDERLYING SHINN'S LAY OPINION RAISE AN INFERENCE SUFFICIENT TO DEFEAT SUMMARY JUDGMENT**.

Jerry Shinn, Plaintiff Turner's direct supervisor at Kana, submitted a declaration concluding that Kana's COO, Tom Doyle, fired Turner with the primary motivation of not paying Turner a commission on the Verizon deal. Shinn based his opinion on clearly-articulated circumstances: that Doyle lacked personal knowledge of Turner's skills as a salesman, that Doyle disregarded the supervisor's opinion that Turner was an excellent salesman who was not at fault for the delays in closing the Verizon deal, that Doyle insisted no salesman would receive a commission on the Verizon deal, and that Kana was experiencing financial difficulties at the time.[3] In addition, Kana has admitted that Doyle never went on a sales call with Turner, had never seen him interact with customers, and had never received complaints about Turner from any customers.[4] Doyle wrote offensive, extraordinarily hostile e-mails about Turner clearly evidencing Doyle's intent to deprive Turner of a commission, even in circumstances where Kana's written commission plan required payment of a commission.[5] This evidence is more than

---

[2]Counsel for Defendant's failure to mention controlling precedent from New Jersey directly contradicting her argument is less forgivable in a context where she has filed, and maintained, a groundless Rule 11 motion against Plaintiff's counsel.

[3]Shinn Dec., paragraph 12.

[4]Kana's response to admission requests 23-24, attached as Exhibit 5 to Plaintiff's Opposition to Defendant's Motion for Summary Judgment (hereafter "Plaintiff's Opp.").

[5]*See* exhibits 2 and 3 to Plaintiff's Opp.

sufficient to raise an inference that Doyle fired Turner with the intent of depriving Turner of a commission.

Kana's motion to strike portions of Plaintiff Turner's declaration is even more frivolous. Kana claims that Turner's declaration that "Verizon underwent a significant management change at the end of the year, killing our potential deal and other similar projects" contradicted his deposition testimony. This argument is factually absurd. Turner specifically mentioned Verizon's reorganization in his deposition as a reason that Verizon delayed in closing its purchase of Kana software.[6]

Kana also seeks to strike Turner's sworn statement that "With minor changes . . . Verizon went forward with the Kana purchase that I had sold and negotiated." Kana argues that Turner's statement is conclusory, and that Turner was not working at Kana when Verizon consummated its purchase. Turner's statement is based on personal knowledge of what Verizon bought, and the price Verizon paid. Turner's statement is not only admissible, it is true.

---

[6]*See* Turner deposition at page 82, lines 12-18, attached to Defendant's Motion to Strike the Affidavit of Stuart Turner and Memorandum in Support Thereof ("Verizon then went through a reorg[anization] on the first of the year. So I did my job and then some to get everything on the table and ready to go and then worked extra hard to go through the process after Verizon reorged because we were able to come to legal terms on December 31st to recover at least the two million deal that we are talking about now.").

II. **RULE 701 ALLOWS LAY WITNESS OPINIONS ABOUT STATE OF MIND.**

Kana's counsel makes the sweeping statement that "Federal Rules of Evidence Rule 701 makes it clear that state of mind opinion evidence is not allowable lay witness testimony."[7] None of the cases cited by Kana's counsel support that unequivocal sentence. Indeed, one of the cases cited by Kana's counsel, *United States v. Rea*, 958 F.2d 1206 (2d Cir. 1992), says exactly the opposite:

> Since neither Rule 701 nor Rule 704(a) limits the subject matter of lay opinion testimony, there is no theoretical prohibition against allowing lay witnesses to give their opinions as to the mental states of others. *See generally* 3 J. Weinstein & M. Berger, *Weinstein's Evidence* P701[02], at 701-19 to 701-21 (1991). Accordingly, these Rules do not, in principle, bar a lay witness from testifying as to whether a defendant in a criminal prosecution had the requisite knowledge.

958 F.2d at 1214-15 (citations omitted).

Kana's counsel also failed to cite Fourth Circuit precedent allowing lay witnesses to "express their opinions that a person with [Defendant's] experience in the Department [of Defense] would know the rules about classified budget documents and that these documents were not available to contractors." *United States v. Fowler*, 932 F.2d 306, 312 (4th Cir. 1991).[8] A more careful reading of Rule 701 precedents reveals that the cases are fact-specific, subject to the trial court's informed discretion about the factual basis for the lay opinion and the

---

[7] Defendant's Motion to Strike the Affidavit [sic] of Jerry Shin [sic] and Memorandum of Law in Support Thereof at 2.

[8] Again, opposing counsel's overstatement of the holdings of cited cases and her failure to cite contrary precedent from the Fourth Circuit would be more forgivable if she was not maintaining a frivolous Rule 11 motion against Plaintiff's counsel.

helpfulness of the opinion to the jury. Both Turner and Shinn articulate sufficient bases for admission of their opinions.

## CONCLUSION

For the foregoing reasons, Defendant's motions to strike the declarations of Jerry Shinn and Stuart Turner should be denied.

Respectfully submitted,

_____
Mark London                    #07747
Christopher B. Mead         #08661
London & Mead, Suite 320
1225 19th Street, N.W.
Washington, D.C.  20036
(202) 331-3334
Counsel for Plaintiff Stuart Turner

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true copy of the foregoing **Opposition to Defendant's Motions to Strike Affidavits** be served via electronic filing on this 23rd day of July, 2003 to:

Rebecca Strandberg, Esquire
4405 East West Highway
Suite 308
Bethesda, Maryland 20814

_____
Christopher B. Mead