**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | | |
|---|---|---|
| STUART TURNER | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil No. WMN 02CV2451 |
| | : | |
| KANA SOFTWARE, INC. | : | |
| | : | |
| Defendant | : | |
| | : | |

---

**DEFENDANT'S REPLY TO OPPOSITION TO MOTIONS TO STRIKE THE
DECLARATIONS OF STUART TURNER AND JERRY SHINN AND MEMORANDUM
IN SUPPORT THEREOF**

Plaintiff, in a last ditch effort, continues to attempt to defeat summary judgment in its

Opposition to Defendant's Motion to Strike by continuing to try to convince the court that

Maryland recognizes an implied duty of good faith and fair dealing in an at-will employment

contract.[1]  Their arguments are irrelevant in that those arguments do not disprove the fact that

certain portions of Shinn and Turner's declarations/affidavits are inadmissable and in violation of

FRCP Rule 56.  Plaintiff has attempted to file a surreply, without the required consent from the

court in the guise of an Opposition to Defendant's  Motions to Strike.

Plaintiff's counsel misconstrues Rule 56.  Although it is correct that the Court must

"draw all reasonable inferences in favor of the non-moving party," those inferences must be

---

[1] Plaintiff accuses Defendant of failing to cite to controlling New Jersey precedent.
Although it is not relevant to the motion to strike at issue, Defendant notes that New Jersey state
law is not controlling precedent.  This case is not in a New Jersey court. Moreover, basic rules of
civil procedure do not allow a federal court to make new state law, particularly when the state
whose law is being applied already has case law precedent.

based on admissible <u>facts,</u> not opinions or beliefs, as is clear from the requirement that affidavits (or declarations) must be based upon personal knowledge, not personal beliefs. FRCP Rule 56.

Paragraphs 2, 5, and 10 in Mr. Shinn's declaration are conclusory statements and violate Rule 56(e), as well as being inadmissible under Rule 701. Opposing counsel does not dispute that these statements are conclusory opinions, not admissible under Rule 56.

Plaintiff does not deny in its Opposition that Paragraphs 6 and 7 of Mr. Shinn's Declaration do not relate to material facts and are therefore improper and should be stricken.

Paragraphs 9, 12, and 13 of Mr. Shin's declaration violate Rule 701 and should be stricken because they provide no factual foundation and merely state Mr. Shinn's <u>opinion</u> as to why Mr. Turner was fired and as to why Kana won the contract with Verizon. Moreover, assuming arguendo that Mr. Shin could give an opinion because of his experiences, there is no foundation laid as to what his experiences are that allow him to be able to give this opinion.

With regard to Mr. Turner's Declaration or affidavit, Paragraphs 5 and 7 should be stricken because they violate the rule that a party cannot defeat summary judgment and create a genuine issue of material fact by simply using the affidavit to deny an earlier sworn statement made by the same party.

I.    **Defendant's Motion Is Not Moot - Mr. Shinn's Affidavit Provides No Admissible Evidence From Which To Draw Any Reasonable Inferences**

Mr. Shinn's affidavit provides no foundation for his opinion, i.e. what makes him qualified to give such an opinion and what facts he relies upon to give the opinion. Therefore, even if we were to assume that Shinn were entitled to give his opinion, there are no facts laid out from which he can set out his opinion. The entire basis of Shinn's "declaration" is that Tom

Doyle fired Turner with the primary motivation of not paying Turner a commission.  Plaintiff

asserts that Shinn based his opinion on clearly-articulated circumstances.   However, Shinn's

statement that Doyle lacked personal knowledge of Turner's skills as a salesman is Shinn's own

opinion.  There are no underlying facts recited in the Declaration upon which the court could find

that a proper foundation had been laid for that opinion.  He does not have the required personal

knowledge as required by Rule 56(e) to state what Tom Doyle knew or didn't know as far as

Turner's abilities.  He cannot read Mr. Doyle's mind.  Shinn then states that Doyle disregarded

Shinn's opinion of Turner.  Again, this is not a fact. Moreover, it is clearly not a reasonable

inference to assume that Mr. Turner was fired for the purpose of denying him a commission from

Shinn's statements that , "..Mr. Turner is entitled to a commission on the Verizon sale," and "I

concluded that Mr. Doyle's primary motivation in firing Mr. Turner was to deprive Mr. Turner of

a commission.."   The court cannot draw reasonable inferences based upon inadmissible facts

presented by a witness for the Plaintiff who does not have without  personal knowledge.  It is the

court who must draw these inferences, not  Mr. Shinn.

Plaintiff argues that there is plenty of evidence pointing to the fact that Kana attempted to

deny Mr. Turner of a commission.  However, that evidence is not relevant to Mr. Shinn or Mr.

Turner's affidavits.  Defendant's argument is that certain paragraphs of their affidavits should not

be allowed as evidence not that Defendant's other evidence should not be considered.  Plaintiff

cannot submit a lay witness opinion testifying to a legal conclusion.

## II.    Shinn's declaration is inadmissible under Rule 701 and under Rule 56

Opposing counsel attempts to convince the court that state of mind opinion evidence is

allowed under Rule 701 of the Federal Rules of Evidence.  They assert that the cases cited by

Defendant in its Memorandum actually state that opinion evidence is allowed. To the contrary, the cases cited, including United States v. Rea, 958 F.2d 1206 (2nd Cir. 1992), clearly state that under FRE 701, a lay witness is only permitted to offer state of mind evidence when it meets certain criteria which Shinn's affidavit fails to meet. Under the Federal Rules of Evidence, a lay witness is generally only allowed to state facts. As the court in Rea pointed out, lay witnesses may only give state of mind opinion if the requirements of knowledge, rational connection, and helpfulness are met.[2] Rule 701 states,

> "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue."

Cases interpreting Rule 701, including 4th Circuit cases have held that several foundation requirements must be met:

1.    Witness has personal knowledge of the facts that are the basis of his or her opinion.

2.    Event witnessed cannot be conveyed without expressing an opinion.

3.    Opinion is of the kind that a lay person can reasonably formulate in the everyday affairs of life.

4.    Witness has sufficient experience in life to make the sensory comparisons necessary to form the opinion.

---

    [2] Contrary to Plaintiff's suggestion in its Opposition Memorandum, the court in Rea stated that "when a witness has not identified the objective bases for his opinion, the proffered opinion obviously fails completely to meet the requirements of Rule 701...because there is no way for the court to assess whether it is rationally based on the witness's perceptions, and second because the opinion ... only tells in conclusory fashion what it should find." p.1216

5.      Opinion will help the jury understand the testimony or will otherwise help the jury to

determine a fact in issue.

United States v. Jackson, 688 F.2d 1121 (7th Cir. 1982); United States v. Fowler

(permitting lay witness testimony only when an adequate foundation has been laid).

Shinn's affidavit fails to meet these foundational requirements. His declaration/affidavit

states no facts to support his statements.  He can certainly convey the facts of which he has

personal knowledge without stating his opinion.  Mr. Shinn, however, has no basis to reasonably

formulate an opinion as to why Verizon closed the deal with Kana after Mr. Turner left nor does

he have a basis to formulate an opinion as to why Mr. Doyle fired Mr. Turner.  Mr. Shinn fails to

state any facts about his background or his experience.  Additionally, Shinn's opinion is not

based on sensory comparisons, one of the few exceptions to Rule 701.  Lastly, Mr. Shinn's

conclusory statements do not help the court to determine a fact in issue since his statements are

purely conclusory.

Plaintiff's counsel also ignores the requirements of Rule 56(e) which require that

affidavits be made on personal knowledge, setting forth facts as would be admissible in evidence

and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

Rohrbough v. Wyeth Labs explicitly holds that affidavits/declarations setting forth ultimate facts

or conclusions of law can neither support nor defeat a motion for summary judgment.

**III.    Those Portions of Turner's Affidavit in Violation of Rule 56 Should Be Stricken**

Paragraphs 5 and 7 of Mr. Turner's affidavit should be stricken because they violate the

rule that a party cannot defeat summary judgment and create a genuine issue of material fact by

simply using the affidavit to deny an earlier sworn statement made by the same party. Rohrbough

<u>v. Wyeth Labs. Inc.</u>, 916 F.2d 970, 975 (4th Cir. 1990) and it also violates F.R.C.P 56.

Plaintiff's counsel claims that Defendant's argument is factually absurd because Turner specifically mentioned Verizon's reorganization in his deposition as a reason that Verizon delayed in closing its purchase of Kana's software.  However, in his affidavit, Turner claims that the reason the deal, which had a deadline of Dec. 2001,  failed to go through was because Verizon underwent a reorganization.  His deposition testimony, however, asserts that the reason the deal fell through was because of the failures of Kana's legal department and his testimony also points out that they reorganization did not occur until the start of 2002, not 2001.

Plaintiff argues that Paragraph 7 of Turner's affidavit is based upon personal knowledge of what Verizon bought and what price Verizon paid.  Turner's statement is conclusory in that he draws a legal conclusion in asserting that "only minor changes" were made. Moreover, Mr. Turner cannot have personal knowledge as to how much work went into closing the deal after he was fired.  More importantly, he points to no evidence showing that the negotiated Verizon contract was the same contract.

## CONCLUSION

For the foregoing reasons, Defendant's Motions to Strike  should be granted.


Respectfully submitted,

_____/s/_____

Rebecca N. Strandberg
Maryland Federal Bar No. 02196
REBECCA N. STRANDBERG & ASSOCIATES, P.A.
4405 East West Highway, Suite 308
Bethesda, Maryland 20814


6

301-656-9547
Strandberglaw@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of August, 2003, a copy of the foregoing Motion to

Strike was served electronically on:

Mark London, Esquire
Christopher B. Mead, Esquire
London and Mead
Suite 320
1225 19th Street, N.W.
Washington, D.C. 20036

Counsel for Plaintiff Stuart Turner