**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
~Northern Division~

| | |
|---|---|
| **STUART TURNER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. WMN 02CV2451 |
| ) | |
| **KANA SOFTWARE, INC.,** ) | |
| ) | |
| Defendant. ) | |

**OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION**

Defendant Kana Software, Inc. ("Kana") has moved for reconsideration of this Court's September 26, 2003 Memorandum Opinion denying Kana's Motion for Summary Judgment. Kana's pleading amounts to re-argument of issues already decided (whether Maryland reorganizes a claim for breach of implied good faith and fair dealing), adding nothing new to the mix. It does, however, sow fresh soil with two frivolous arguments: first, Kana claims that Turner's emphasis on the "separate" promises in Kana's commission plan mean that Turner is basing his case on a contract without consideration; and second, that Turner did not make his argument for breach of the covenant of good faith and fair dealing until his opposition to Kana's motion to strike. Kana's arguments fall far short of meeting the standard for granting a motion for reconsideration. *See Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).

In both his opposition to Kana's Motion for Summary Judgment, and in his opposition to Kana's Motion to Strike, Turner emphasized that he sought to enforce the "separate" commission

contract.[1]  In making that argument, Turner's counsel wanted to emphasize that Turner was not seeking to enforce an at-will employment contract, but rather a promise to pay commissions if Turner remained employed at Kana.

Turner's use of the phrase "separate contract" was not intended to suggest that the Plan was entirely separate from Turner's employment, and this Court did not so hold. This Court's Memorandum Opinion clearly understood Turner's arguments, and got it right:

> Before entertaining the merits of this action, the Court finds it important to clarify what this case does, and does not, concern. Despite Kana's arguments to the contrary, Turner's action does not seek to enforce his contract of employment, but rather the Plan governing his sales commissions.  Turner's arguments style this case as a breach of the implied covenant of good faith and fair dealing in the Plan and he seeks only the commission to which he alleges he would have been entitled had Kana not discharged him in bad faith. No argument is made for Turner's reinstatement, nor for damages to compensate him for lost wages.  Thus, this case does not concern a cause of action for discharge in violation of public policy, as discussed in *Adler v. American Standard Corp.*, 432 A.2d 464 (Md. 1981).

Memorandum Opinion at 6-7.

Kana's strained argument that if the Plan was entirely separate, it was a contract lacking consideration, is thus an attack on a straw man.[2]  Again, this Court got it right:

> the present controversy stems from Turner's allegations that he was terminated precisely to avoid Kana's obligation to pay him a commission on a sale that he had all but finalized.  He implicitly concedes that Kana could fire him for any reason or no reason at all,

---

[1]Plaintiff's Opposition to Defendant's Motion for Summary Judgment at 9.  Kana's argument that Turner made a "new" argument in its opposition to Kana's Motion to Strike is thus flat wrong.

[2]Kana's argument is also legally wrong.  Even if the contracts were truly separate, Kana received consideration for each–the services of Plaintiff Turner.

> except for the narrow reason of denying him a contractual benefit.
> The Court is of the same opinion.

Memorandum Opinion at 9.

Kana's Motion for Reconsideration argues that the explicit contractual terms of Turner's at-will employment contract preclude a claim for breach of an implied covenant of good faith and fair dealing. That is not true. As Turner's opposition to Kana's Motion for Summary Judgment pointed out:

> Maryland courts have favorably recognized precedent and commentary holding that even when one party to a contract has an unambiguous right to act unreasonably, it cannot act unreasonably in preventing the other party from performing or realizing the fruits of the contract. In *The Electronics Store, Inc. v. Cellco Partnership*, 127 Md. App. 385, 732 A.2d 980, (1999), the Maryland Court of Special Appeals considered a claim by a non-exclusive cellphone distributor that Bell Atlantic had unreasonably rejected potential customers from a sales program with a credit union. Under the contract between the parties, Bell Atlantic had the right to reject potential cellphone customers for any reason. Applying New Jersey's implied covenant of good faith and fair dealing, the Maryland Court of Special Appeals favorably cited general commentary that strongly supports Turner's claim here:
>
>> A brief review of some commentary addressing this implied covenant is instructive. Professor Corbin observed that, "even though the express terms of a contract appear to permit unreasonable action, the duty of good faith limits the parties' ability to act unreasonably in contravention of the other party's reasonable expectations." 3A Arthur L. Corbin, *Corbin on Contracts* § 654A(B), at 106 (Cum. Supp. 1999); *see also Sterling Nat'l Mortgage Co. v. Mortgage Corner, Inc.*, 97 F.3d 39, 42 (3d Cir. 1996). The United States District Court for the District of New Jersey, applying New Jersey law, recently approved Williston's statement that, "Included in every contract is 'an implied covenant that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract."'" *Emerson Radio Corp. v. Orion Sales, Inc.*, 41 F. Supp. 2d 547, 1999 WL 170345, at *5 (D.N.J. 1999) (quoting

> *Palisades Properties,* 207 A.2d at 531, in turn quoting 5 Samuel Williston & Walter H.E. Jaeger, A Treatise on the Law of Contracts § 670, at 159-60 (3d ed. 1961)). "Where fairness and justice require, even though the parties to a contract have not expressed an intention in specific language, the courts may impose a constructive condition to accomplish such a result when it is apparent that it is necessarily involved in the contractual relationship." *Palisades Properties,* 207 A.2d at 531. The Supreme Court of New Jersey drew on the eloquent words of Justice (then Judge) Cardozo to explain the development of this doctrine:
>
> 'The law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal. It takes a broader view today. A promise may be lacking, and yet the whole writing may be 'instinct with an obligation,' imperfectly expressed . . . .'"
>
> Id. (quoting *Wood v. Lucy, Lady Duff-Gordon*, 222 N.Y. 88, 118 N.E. 214, 214 (N.Y. 1917)).

732 A.2d at 989.[3]

Kana's attempt to distinguish *Wakefield v. Northern Telecom, Inc.*, 813 F.2d 535 (2d Cir. 1987) is similarly unavailing. Kana argues that the salesman in *Wakefield* had already done everything to earn his commission. In fact, Wakefield was fired shortly before a customer signed a contract, and his employer closed the deal without paying anyone else a commission. 813 F.2d at 540. The *Wakefield* case is squarely on point, as the Court concluded.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Reconsideration should be denied.

---

[3]Plaintiff's Opposition to Defendant's Motion for Summary Judgment at 9-10.

Respectfully submitted,

_____
Mark London             #07747
Christopher B. Mead     #08661
London & Mead, Suite 320
1225 19th Street, N.W.
Washington, D.C. 20036
(202) 331-3334
Counsel for Plaintiff Stuart Turner

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing **Opposition to Defendant's Motion for Reconsideration** was delivered via electronic filing and first class mail, postage prepaid, this 14th day of October, 2003 to:

Rebecca Strandberg, Esquire
4405 East West Highway
Suite 308
Bethesda, Maryland 20814

_____
Christopher B. Mead