**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| STUART TURNER | : |
| | : |
| Plaintiff | : |
| v. | :   Civil No. WMN 02CV2451 |
| | : |
| KANA SOFTWARE, INC. | : |
| | : |
| Defendant | : |
| | : |

## REPLY TO PLAINTIFF'S OPPOSITION TO KANA'S MOTION FOR RECONSIDERATION

## INTRODUCTION

Plaintiff's Opposition asserts that Kana's Motion for Reconsideration falls short of meeting the standard for granting a motion for reconsideration. To the contrary, under Fed. R. Civ. P. 59 (e), such a motion is proper when it is necessary to correct a clear error of law or to prevent manifest injustice. A motion to reconsider is also proper when a Court has misunderstood a party's position. Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D 99, 101 (E.D. Va. 1983). Plaintiff yet again fails to provide any case law or any Maryland legal precedent to show otherwise. Plaintiff has continued to circumvent the Federal Rules of Procedure by (i) failing to plead a breach of implied covenant of good faith and fear dealing in its complaint, (ii) filing a surreply when it submitted its Opposition to Strike without prior permission of the court, and (iii) continuing to ignore Maryland state law precedent that expressly disallows a claim for breach of the implied covenant of good faith and fair dealing in an employment contract.

A.    **Plaintiff Concedes That The Commissions Contract Is Necessarily Tied To The Employment Contract Thereby Barring His Claim**

Plaintiff concedes in its Opposition that the Incentive Plan was not separate from Turner's employment. (Opposition at p.2) which is consistent with the undisputed facts.

Plaintiff's Opposition yet again attempts to muddle and obfuscate the key issue in this case which is whether or not the Incentive Plan can stand alone as a separate contract, apart from Turner's at-will employment.  To summarize Plaintiff's shifting position on this issue, Plaintiff's complaint alleged breach of contract based on wrongful termination.  The contract mentioned in the complaint was the employment agreement.  Plaintiff then, in its Opposition to Defendant's Motion for Summary Judgment argued that there was a breach of the implied duty of good faith and fair dealing, a violation of which was never pleaded by Plaintiff.  All of a sudden, in its Opposition to Defendant's Motion to Strike, Plaintiff argues that the commissions contract was a separate contract, distinct from Turner's employment at-will. (note that it was improper for them to argue the Motion for Summary Judgment in its Opposition to Motion to Strike).  Now, in an attempt to avoid the fact that they have no legal leg to stand on, Plaintiff argues that "the Plan was not entirely separate from Turner's employment."  Opposition at p.2.  Plaintiff cannot have it both ways. Either it is a separate contract, in which case it fails for lack of consideration.  See Johnson v. Schenley Distillers Corporation, 181 Md. 31, 28 A. 2d 606 at 36 (1942); Medex v. McCabe, 811 A.2d 297, 306, 372 Md. 28 (2002)[1] or it is simply a modification of the

---

[1]    In a footnote in its Opposition, Plaintiff argued that the consideration for both agreements were the services of Turner.  However, Johnson and Medex clearly hold that there must be separate and valuable consideration. Plaintiff cites no case law to the contrary.

2

employment agreement meaning that there can be no claim for a breach of the implied covenant of good faith and fair dealing.

B.     **Defendant Did Not Have Notice Or An Opportunity to Respond to Plaintiff's Arguments Due to Plaintiff's Violation of Fed.R.Civ.Proc 8**

Plaintiff's initial claim in this case was that Defendant was in breach of contract for failing to pay Plaintiff on a deal that Plaintiff believed had been closed in March, 2002. Plaintiff's complaint claimed that he was wrongfully terminated, made mention of only one contract, and at no point claimed a breach of the implied covenant of good faith of fair dealing in the performance of that agreement.

Had Plaintiff argued a breach of the implied covenant of good faith and fair dealing in the Incentive Plan at the inception of this case, as the Court seemed to read Plaintiff's argument, Defendant would have had notice of this argument and addressed this issue in its Motion for Summary Judgment.   Defendant, however, did not argue the implied covenant at that stage because it had not been pled by Plaintiff, as required by federal rules of civil procedure. Therefore, because Plaintiff keeps shifting positions, changing the nature of their claim, and contradicting its legal position, Defendant was not able to proffer evidence on the issues of failure of consideration and the implied covenant of good faith and fair dealing in its Motion for Summary Judgment.  Defendant therefore asks the Court to consider our arguments and evidence at this time.  Plaintiff should not be rewarded for its knowing failure to abide by these Court's rules.

C.     **Since Plaintiff Now Concedes That The Commission Plan Is Not A Separate Contract, It Is Subject To the Maryland Rule Prohibiting An Implied Covenant of**

3

**Good Faith and Fair Dealing In an Employment Contract.**

Because Plaintiff now admits that it is a legal impossibility for the Incentive Plan to be an entirely separate agreement, the Court is left with the question of whether Maryland permits the imposition of the covenant of implied good faith and fair dealing into an express contract governing an at-will employment relationship. Maryland cases clearly hold that it is error for the courts do so.

Plaintiffs, throughout this proceeding, have repeatedly failed to cite to even one Maryland case that supports their view. In its Opposition, Plaintiff asserts that the explicit contractual terms of Turner's employment do not preclude a claim for breach of an implied covenant of good faith and fair dealing. Plaintiff then quotes a section from their Opposition to Kana's Motion for Summary judgment which cites New Jersey law. Granted, if this case were governed by New Jersey law, Turner would have a valid claim**.** It is quite telling that Plaintiff resorts again and again to citing cases from other jurisdictions and general treatises, rather than controlling Maryland precedent.

The Court, in its Order, wrote that it agreed with Plaintiff that he could not be fired for the reason of denying him a contractual benefit. Plaintiff does not deny that he never **earned** his benefit so Kana therefore has **not denied** him a contractual benefit. The only benefit Turner is arguing is the benefit of retaining his employment. Future earnings cannot be considered a contractual benefit owed. Rather, his argument is styled in a way to suggest that Kana was obligated to keep him employed until he could finalize a sale which in effect transforms his employment contract into one which is not at-will and that transformation is contrary to Maryland legal precedent. See e.g., Suburban Hosp., Inc. v. Dwiggins, 324 Md. 294, 596 A.2d

4

1069, 1076-77 (Md.1991) (declining to extend an implied covenant of good faith and fair dealing

to an at-will employment contract). Turner had no reasonable expectation to remain employed

until he met his sales quota. To allow such a cause of action to proceed goes against basic

contract law principles as well as basic Maryland law defining the nature of at-will employment

relationships.

**D.    PLAINTIFF DOES NOT DISPUTE THAT MARYLAND LAW PREVENTS AN IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING TO BE READ INTO A CLEAR AND UNAMBIGUOUS CONTRACT**

**1.    Turner's Employment Agreement with Kana**

Turner's offer letter contains the express terms of his employment with Kana and

contains the following clear and unambiguous language:

> "Your employment with Kana is not for a specific time.  As a result, either you or Kana
> may terminate your employment at any time, for any reason, with our without cause.
> Although your job duties, title, compensation and benefits, as well as Kana's personnel
> policies and procedures, may change from time-to-time, the"at will" nature of your
> employment may only be changed in an express writing signed by you and the CEO of
> Kana.... This offer represents the entire agreement related to your employment with
> Kana."

Turner's compensation plan, one of the terms and provisions of his employment

agreement with Kana as noted in the offer letter and conceded by Plaintiff, contains the following

clear and unambiguous language:

> "Commissions will be deemed earned and payable if the collection on the original
> booking occurs within 30 days of an employee's last date of employment.  Except for the
> foregoing, commissions not earned at the time employment terminates (for any reason)
> cannot be thereafter earned."

It is well settled law in Maryland that a court does not have the authority to write new

terms into a contract for the parties to a contract where the language is plain and clear. See Naden

v. Sega Software, 11 Fed Appx. 381, 2001 WL 672071 (4th Cir. Md. 2002) (upholding a

commissions plan that had clear and unambiguous terms governing when commissions were

deemed to be earned and granting summary judgment to the employer); see also, Waller v.

Maryland National Bank, 95 Md. App. 197, 620 A.2d 381, 388 (1993) (holding that under

Maryland law, the implied duty of good faith and fair dealing cannot change the terms of the

contract if language is plain and clear, and there is no room for construction by the court).

Therefore, it is contrary to Maryland law and contrary to basic laws of contract to replace the

clear and plain language of the terms of Turner's employment with language indicating that the

employee will be paid a commission anytime that employee does any work on a sale but fails to

close the deal and regardless of how long after that employee's termination that deal is closed

and revenue is recognized.[2]

### D.    UNLIKE THE PLAINTIFF IN WAKEFIELD, TURNER DID NOT "ALL BUT FINALIZE" THE DEAL WITH VERIZON AND ITS SUBSIDIARIES

Plaintiff attempts, without proof, to argue that the Wakefield case is squarely on point.

However, Wakefield himself argued that he had done all that was necessary to earn his

commission, an argument that Turner has never made in the instant case:

> "Plaintiff claimed that his employment was wrongfully terminated at a time when he had
> completed all that he was required to do ... that the consummation of these sales was a
> virtual certainty at the time of his termination. "There was no evidence that any other
> salespersons worked on these accounts."

---

[2]    Moreover, Plaintiff's own pleading notes that Maryland has not yet recognized a
cause of action for breach of an implied covenant of good faith and fair dealing:
"Maryland precedent strongly suggests that Maryland would recognize a cause of
action for breach of an implied covenant of good faith and fair dealing..."
(emphasis added) Plaintiff's Opposition to Defendant's Motion for Summary
Judgment at p.2.

<u>Wakefield v. Northern Telecom, Inc.</u>, 1984 WL 445 (S.D.N.Y. 1984)  at 1 and 2.

In fact, the only facts in evidence indicate that several Kana employees had to perform a substantial amount of work in order to come to a final agreement with Verizon.

**E.    The Following Law and Facts are Uncontraverted And Must Be Considered By the Court**

**1.**    Maryland law holds that the only exception to at-will employment is when an employer's motivation in terminating an employee contravenes a clear mandate of public policy. <u>Adler v. American Standard Corp.</u>, 432 A.2d 464 (Md. 1981).  The Court, in its Order, correctly held that this case does not concern a violation of public policy. (Order at p.7)

2.    Even in states that do recognize a separate claim for breach of good faith and fair dealing, employees only have a claim if the employee was terminated in order to avoid paying <u>earned</u> commissions. <u>See</u> <u>e.g.</u> Mirabella <u>v. Turner Broadcasting Systems Inc</u>., 2003 U.S. Dist. LEXIS 8342 (S.D. New York 2003); <u>Masarjian v. Mark Lighting Fixtures Co.</u>, 595 F. Supp. 869, 872 (D. Conn. 1984); <u>Balzer/Wolf Associates v. Parlex Corp.</u>, 753 F.2d 771 (9th Cir. 1985).[3]

3.    Turner does not dispute that the deal at issue was never a qualified booking, that he closed no sales while at Kana, and that the commission was therefore not earned by him. Turner Deposition at pp. 85-86 (Exhibit 10 to Kana's Reply in Support of its Motion for Summary Judgment).

4.    Turner does not dispute that other members of Kana's sales staff had to perform substantial work in order to close the sale with Verizon and its subsidiaries. (Moore

---

[3] All of these cases all involve very similar fact patterns as the instant case.

Affidavit which is Exhibit 15 to Kana's Reply in Support of its Motion for Summary

Judgment; Roever Affidavit, Exhibit 12 to Kana's Reply in Support of its Motion for

Summary Judgment)

5.    The Incentive Plan, which is an integral part of Turner's employment with Kana, did not

change his status as an at-will employee.

6.    Under Maryland law, unlike New Jersey law to which Plaintiff continues to cite, the

implied covenant of good faith cannot displace express terms of an agreement between

two parties. Waller v. Maryland Nat'l Bank, 620 A.2d 381, 388, 95 Md. App. 197,

*vacated on other grounds,* 332 Md. 375, 631 A.2d 447 (Md. 1993).

7.    Maryland courts can only look to an employer's motivation in firing an employee if there

has been a violation of public policy.

8.    Turner, throughout his tenure at Kana, failed to meet his sales quotas and never closed a

sale.

**CONCLUSION**

The Court's Memorandum and Order represents a significant departure from well

established basic principles of law in the state of Maryland and has the potential to raise major

consequences to all employment relationships in the State of Maryland.  Moreover, because

Plaintiff failed to follow the federal rules of civil procedure, the Court is allowed to consider the

evidence and precedent set forth by Defendant in its Motion for Reconsideration.  Defendant

believes that Maryland precedent is clear in holding that a cause of action for breach of the

implied covenant of good faith and fair dealing is not recognized in Maryland and therefore,

reconsideration is warranted and Defendant should be granted summary judgment as there are no

8

genuine issues in dispute.

## REQUEST FOR HEARING

Defendant respectfully renews its request for a hearing on this matter.

Respectfully Submitted,

_____/s/_____
Rebecca N. Strandberg
Federal District Court Bar No. 02196
REBECCA N. STRANDBERG & ASSOCIATES, P.A.
4405 East West Highway, Suite 308
Bethesda, Maryland 20814
(301) 656-9547

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** this 17th day of October, 2003 that a copy of the foregoing

Defendant's Reply to Plaintiff's Opposition to Defendant's Motion For Reconsideration was

served electronically on:

Mark London, Esquire
Christopher B. Mead, Esquire
London and Mead
Suite 320
1225 19th Street, N.W.
Washington, D.C. 20036

*Counsel for Plaintiff Stuart Turner*

_____/s/_____

Rebecca Newman Strandberg, Esquire

9